■ IRMA BAEZ et al., Respondents, v RICHARD DOMBROFF, Appellant, et al., Defendant.—In a medical malpractice action to recover damages for personal injuries, etc., the defendant Richard Dombroff, M.D. appeals (1) from a judgment of the Supreme Court, Kings County (Clemente, J.), entered April 3, 1986, which, upon a jury verdict, awarded the plaintiff Irma Baez (hereinafter Baez) damages in the principal sum of $2,625,000, and (2) as limited by his brief, from so much of an order of the same court entered May 12, 1987, as set aside the judgment and granted a new trial on the issue of damages only, unless Baez stipulated to reduce the verdict in her favor to the principal amount of $1,500,000.

Ordered that the appeal from the judgment is dismissed, without costs or disbursements, as the judgment was superseded by the order setting aside the judgment; and it is further,

Ordered that the order is modified, on the facts and as an exercise of discretion, by deleting from the second decretal

paragraph thereof the words "One Million Five Hundred Thousand & 00/100 ($1,500,000.00) Dollars" and substituting therefor the words "Seven Hundred Fifty Thousand ($750,000) Dollars"; as so modified, the order is affirmed, without costs or disbursements, and Baez's time to file a written stipulation consenting to decrease the verdict in her favor to the principal sum of $750,000 with the Clerk of the Supreme Court, Kings County, is extended until 30 days after the service upon her of a copy of this decision and order with notice of entry.

The plaintiffs commenced this action based on medical malpractice to recover damages for injuries sustained from a breast reduction operation performed upon Irma Baez by the appellant. During the trial the appellant conceded liability and the trial continued solely on the issue of damages. As a result of the malpractice, Baez's breasts are heavily scarred, misshapen and uneven. In addition, her nipples are also misshapen, discolored and crooked. Psychological damages suffered by Baez include fears of contact with people, of leaving her home and of anyone seeing her breasts as they now appear. The jury returned a verdict of $2,625,000 which the court reduced to $1,500,000. We agree with the appellant's contention that $1,500,000 is excessive and disproportionate to the injury suffered by Baez. While Baez has suffered physiological and psychological damage as a result of the appellant's malpractice, it cannot be said that her loss justified such an award *(cf., Gallo v Supermarkets Gen. Corp.,* 112 AD2d 345, *lv denied* 66 NY2d 605). Upon consideration of Baez's injuries, we find that an award of $750,000 is justified *(see, Suria v Shiffman,* 107 AD2d 309, *mod* 67 NY2d 87, *rearg denied* 67 NY2d 918; *Van Syckle v Powers,* 106 AD2d 711, *lv denied* 64 NY2d 609; *Bellier v Bazan,* 124 Misc 2d 1055, *affd* 115 AD2d 1016). Kunzeman, J. P., Weinstein, Eiber and Spatt, JJ., concur.