■ LAURA M. STALEY, Appellant, v CLINTON SAVOURY et al., Defendants, and KEITH SAVOURY et al., Respondents. [753 NYS2d 747] —In an action to recover damages for personal injuries, the plaintiff appeals, inter alia, on the ground of inadequacy, from an amended judgment of the Supreme Court, Dutchess County (Tolbert, J.), entered October 2, 2001, which, upon a jury verdict on the issue of liability finding her 50% at fault and the defendants Keith Savoury and Dana Savoury, as trustees of the Geraldine Savoury Irrevocable Trust, 50% at fault in the happening of the accident, and upon a jury verdict awarding her, inter alia, the sums of only $25,000 (50% of $50,000) for past pain and suffering, $33,072.48 (50% of $66,144.95) for past medical expenses, and $56,000 (50% of $112,000) for future pain and suffering, is in her favor and against the defendants Keith Savoury and Dana Savoury, as trustees of the Geraldine Savoury Irrevocable Trust, in the principal sum of $114,072.48.

Ordered that the amended judgment is modified, on the facts and as a matter of discretion, by deleting the provisions thereof awarding damages for past and future pain and suffering, and substituting therefor a provision granting a new trial with respect thereto; as so modified, the amended judgment is affirmed, with costs to the appellant, unless within 30 days after service upon the respondents of a copy of this decision and order, the respondents shall serve and file in the office of the

Clerk of the Supreme Court, Dutchess County, a written stipulation consenting to increase the verdict as to damages for past pain and suffering from the sum of $25,000 (50% of $50,000) to the sum of $50,000 (50% of $100,000), for future pain and suffering from the sum of $56,000 (50% of $112,000) to the sum of $125,000 (50% of $250,000), and to the entry of an appropriate second amended judgment; in the event the respondents so stipulate, then the amended judgment, as so increased and amended, is affirmed, without costs or disbursements.

A jury verdict should not be set aside as against the weight of the evidence unless the jury could not have reached its verdict based on any fair interpretation of the evidence (*see Cohen v Hallmark Cards*, 45 NY2d 493; *Nicastro v Park,* 113 AD2d 129). Contrary to the plaintiff's contention, the jury determination that she was 50% at fault in the happening of the accident was supported by a fair interpretation of the evidence.

However, the damages awarded for past and future pain and suffering are inadequate to the extent indicated, as they deviate materially from what would be reasonable compensation (*see* CPLR 5501 [c]; *Ferrantello v St. Charles Hosp. & Rehabilitation Ctr.*, 275 AD2d 387; *Lemberger v City of New York*, 211 AD2d 622). Altman, J.P., S. Miller, Adams and Cozier, JJ., concur.