■ MOSHE TYBERG, Appellant, et al., Plaintiff, v DAMIAN TOMASINO, Respondent. [795 NYS2d 892]—In an action to recover damages for personal injuries, etc., the plaintiff Moshe Tyberg appeals, on the ground of inadequacy, from a judgment of the Supreme Court, Kings County (Schneier, J.), dated July 31, 2003, which, after a jury trial on the issue of damages and the denial of his motion, in effect, pursuant to CPLR 4404, to set aside the verdict as to damages, is in his favor and against the defendant in the principal sum of only $10,000.

Ordered that the judgment is modified, on the facts, by deleting the provision thereof awarding damages for past pain and suffering and substituting therefor a provision granting a new trial with respect to those damages only; as so modified, the judgment is affirmed, with costs to the appellant, unless within 30 days after the service upon the respondent of a copy of this decision and order, the respondent shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to increase the verdict as to damages for past pain and suffering from the sum of $10,000 to the sum of $20,000, and to the entry of an appropriate amended judgment accordingly; in the event the respondent so stipulates, then the judgment, as so increased and amended, is affirmed, without costs or disbursements.

The amount of damages to be awarded to a plaintiff for personal injuries is a question for the jury, and its determination will not be disturbed unless the award deviates materially from what would be reasonable compensation (see CPLR 5501 [c]; *Walsh v Kings Plaza Replacement Serv.*, 239 AD2d 408 [1997]; *Ramos v Ramos*, 234 AD2d 439 [1996]). Under the circumstances presented, the award of $10,000 for past pain and suffering deviated materially from what would be reasonable compensation to the extent indicated herein.

The award of $0 for future pain and suffering did not deviate materially from what would be reasonable compensation. Florio, J.P., Santucci, Mastro and Spolzino, JJ., concur.