STEPHEN PARUOLO et al., Appellants, v JEFFREY YORMAK et al., Defendants, and NORTHERN WESTCHESTER HOSPITAL CENTER, Respondent. [830 NYS2d 595]—

In an action, inter alia, to recover damages for personal injuries, etc., the plaintiffs appeal from so much of an order of the Supreme Court, Westchester County (Nastasi, J.), entered August 2, 2005, as denied their motion to set aside as inadequate so much of a jury verdict as awarded the plaintiff Stephen Paruolo damages for future pain and suffering against the defendant Northern Westchester Hospital Center in the principal sum of $25,000.

Ordered that the order is reversed insofar as appealed from, on the facts and as an exercise of discretion, with costs, and the motion is granted to the extent that a new trial is granted on the issue of damages for future pain and suffering only, unless within 30 days after service upon the defendant Northern Westchester Hospital Center of a copy of this decision and order, that defendant shall serve and file in the office of the Clerk of the Supreme Court, Westchester County, a written stipulation consenting to increase the verdict as to damages for future pain and suffering from the principal sum of $25,000 to the principal sum of $150,000; in the event that the defendant Northern Westchester Hospital Center so stipulates, then the order, as so increased and amended, is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff Stephen Paruolo (hereinafter the plaintiff) suffered third degree burns on his right elbow during elective surgery on October 12, 2001, which required a debridement and a skin graft. Prior to trial, the defendant Northern Westchester Hospital Center (hereinafter the hospital) admitted that its negligent maintenance of an operating room light caused the plaintiff's injuries. As pertinent to the future pain and suffering award, the plaintiff has two permanent scars on his right elbow and right thigh (skin graft donor site), neither of which sweat, are always dry, cannot grow hair, do not match the rest of his body, and according to the plaintiff, feel different to the touch than the rest of his body. The elbow scar has raised edges and a depressed middle area. Neither scar may be exposed to excessive sunlight and they both pose a heightened risk of developing skin cancer. Further, the elbow scar poses an embarrassment to the plaintiff, so he wears long sleeved shirts even in warm weather or while engaged in strenuous activity. After a four-day damages trial, the jury awarded the plaintiff the principal sum of $25,000 for future pain and suffering over 25 years. The plaintiffs appeal on the ground of inadequacy.

A jury award may be set aside and a new trial granted if the award "deviates materially from what would be reasonable compensation" (CPLR 5501 [c]; *see Vaval v NYRAC, Inc.*, 31 AD3d 438 [2006]; *Mogil v Gorgone*, 225 AD2d 674, 675 [1996]; *Rodriguez v City of New York*, 191 AD2d 420 [1993]). Under the circumstances, a new trial is warranted on the issue of damages for future pain and suffering, unless the hospital stipulates to increase the award to the principal sum of $150,000, which is consistent with what is considered reasonable compensation (*see Cardella v Henke Mach.*, 283 AD2d 894, 899 [2001]; *Carson v De Lorenzo*, 238 AD2d 790, 792 [1997]; *Lyall v City of New York*, 228 AD2d 566 [1996]).

In light of our determination, we need not address the plaintiffs' remaining contentions.

Motion by the respondent on an appeal from an order of the Supreme Court, Westchester County, entered August 2, 2005, to strike the trial transcript from the record on appeal and all references thereto in the appellants' brief on the ground that they contain and refer to material dehors the record. By decision and order on motion of this Court dated July 31, 2006, the motion was held in abeyance and referred to the Justices hearing the appeal for determination upon the argument or submission of the appeal.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is

Ordered that the motion is denied for the reasons set forth in *Kaplan v Miranda* (37 AD3d 762 [2007] [decided herewith]). Schmidt, J.P., Rivera, Covello and Balkin, JJ., concur.