■ MICHAEL CIANO, Appellant, v HARRIET SAUVE et al., Respondents. [840 NYS2d 415]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, on the ground of inadequacy, from so much of a judgment of the Supreme Court, Suffolk County (Loughlin, J.), entered January 10, 2006, as, upon a jury verdict awarding him the principal sums of only $250,000 for past pain and suffering and $100,000 for future pain and suffering, is in favor of him and against the defendants in the principal sum of only $350,000.

Ordered that the judgment is reversed insofar as appealed from, on the facts and in the exercise of discretion, with one bill of costs, and a new trial is granted on the issue of damages for

past and future pain and suffering, unless within 30 days after service upon the defendants of a copy of this decision and order, the defendants shall serve and file in the office of the Clerk of the Supreme Court, Suffolk County, a written stipulation consenting to increase the verdict as to damages for future pain and suffering from the principal sum of $100,000 to the principal sum of $375,000, and past pain and suffering from the principal sum of $250,000 to $350,000, and to the entry of an appropriate amended judgment; in the event the defendants so stipulate, then the judgment, as so increased and amended, is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of an appropriate amended judgment.

As a result of a motor vehicle accident, the plaintiff sustained fractures to his right ankle and foot, including a pylon fracture, medial malleolus fracture, and a posterior malleolus fracture with displacement of several of the fractured fragments, as well as injury to the Lisfranc joint of his left foot. The plaintiff underwent surgery to fit and secure the fractured fragments in the right ankle with titanium screws, followed by two more surgeries to correct complications that arose as a result of the surgery. A fourth surgery was performed about one year later to remove the titanium screws.

The defendants having previously conceded liability, the sole issue before the jury was the amount of damages to be awarded the plaintiff. We find that the awards for past pain and suffering and future pain and suffering deviate materially from what would be reasonable compensation under the circumstances to the extent indicated herein (*see* CPLR 5501). Mastro, J.P., Covello, Angiolillo and Dickerson, JJ., concur.