(January 22, 2008)

■ Jose DeJesus Adames, Appellant, v Kerollous Awad et al., Respondents. [850 NYS2d 561]—

In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Richmond County (Maltese, J.), dated May 8, 2006, which, upon a jury verdict on the issue of liability finding him 50% at fault and the defendants 50% at fault in the happening of a motor vehicle accident, and finding that he sustained damages in the sum of only $7,500 for past pain and suffering and no damages for future pain and suffering and future medical costs, is in his favor and against the defendants in the principal sum of only $3,750 (50% of $7,500).

Ordered that the judgment is modified, on the facts and in the exercise of discretion, by deleting the provisions thereof awarding damages of only $7,500 for past pain and suffering and no damages for future pain and suffering; as so modified, the judgment is affirmed, with costs to the plaintiff, and a new trial is granted on the issue of those damages unless, within 30 days after service upon the defendants of a copy of this decision and order, the defendants shall serve and file in the office of the Clerk of the Supreme Court, Richmond County, a written stipulation consenting to increase the verdict as to damages for past pain and suffering from the principal sum of $7,500 to the principal sum of $150,000, and for future pain and suffering from the principal sum of $0 to the principal sum of $150,000, and the net award of damages for past and future pain and suf-

fering from the principal sum of $3,750 (50% of $7,500) to the principal sum of $150,000 (50% of $300,000); in the event the defendants so stipulate, then the judgment, as so increased and amended, is affirmed, without costs or disbursements.

The plaintiff, who was 58 years old at the time of the subject motor vehicle accident, had done hard physical labor all of his adult life. As a result of the accident, the plaintiff suffered, inter alia, a "[h]igh grade LCL sprain," a radial tear of the posterior horn of the medial meniscus, torn cartilage, torn meniscus, and a posterior tear of the lateral horn of the lateral meniscus. When the plaintiff's knee injuries did not respond to physical therapy and home exercises, he underwent arthroscopic surgery. After two months of therapy and home exercise post-arthroscopic surgery, the plaintiff's symptoms were responding only minimally. The plaintiff then underwent a total left knee replacement. The uncontradicted testimony of the plaintiff's orthopedist, as to the post-operative and future condition of the prosthetic knee, was that the knee would never have as great a range of motion or be as stable as a natural knee; that the plaintiff had a significant limitation in the range of motion with the prosthetic knee in comparison with a normal range of motion; that it was likely the plaintiff would need a future replacement of the knee; and that, to a reasonable degree of medical certainty, the plaintiff's knee injury was permanent.

The jury returned a verdict finding the plaintiff sustained a significant limitation of use of a body function or system, but did not sustain a permanent consequential limitation, and finding the plaintiff 50% at fault. On damages, the jury determined that the plaintiff had sustained damages in the sum of $7,500 for past pain and suffering and $0 for future pain and suffering.

The damages awarded for past pain and suffering are inadequate to the extent indicated, as they deviate materially from what would be reasonable compensation (see CPLR 5501 [c]; Ciano v Sauve, 42 AD3d 556 [2007]; Conley v City of New York, 40 AD3d 1024 [2007]; Paruolo v Yormak, 37 AD3d 794 [2007]; Staley v Savoury, 302 AD2d 446 [2003]).

The jury's failure to award any damages for future pain and suffering was not based on a fair interpretation of the evidence (see Lolik v Big V Supermarkets, 86 NY2d 744 [1995]; Conley v City of New York, 40 AD3d 1024 [2007]; Fryer v Maimonides Med. Ctr., 31 AD3d 604 [2006]). Accordingly, the jury's failure to award any damages for future pain and suffering is inadequate to the extent indicated herein (see Ciano v Sauve, 42 AD3d 556 [2007]; Paruolo v Yormak, 37 AD3d 794 [2007]; Lamb v Babies 'R' Us, 302 AD2d 368 [2003]; Claudio v City of New York, 280

AD2d 403 [2001]). Crane, J.P., Florio, Angiolillo and Carni, JJ., concur.