In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her notice of appeal and brief, from so much of a judgment of the Supreme Court, Kings County (Martin, J.), entered January 24, 2012, as, upon, inter alia, a jury verdict on the issue of damages, awarded her the principal sum of only $18,000 for future pain and suffering and future loss of enjoyment of life against the defendants C.J. DiSalvo, Joanne M. DiSalvo, and Steven J. DiSalvo.
Ordered that the judgment is reversed insofar as appealed from, on the facts and in the exercise of discretion, with costs, and the matter is remitted to the Supreme Court, Kings County, for a severance of and a new trial on the issue of damages for future pain and suffering and future loss of enjoyment of life only against the defendants C.J. DiSalvo, Joanne M. DiSalvo, and Steven J. DiSalvo, unless within 30 days after service upon them of a copy of this decision and order, the defendants C.J. DiSalvo, Joanne M. DiSalvo, and Steven J. DiSalvo shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to increase the award of damages for future pain and suffering and future loss of enjoyment of life against them from the principal sum of $18,000 to the principal sum of $300,000, and to the entry of an ap *698 propriate judgment thereafter; in the event that the defendants C.J. DiSalvo, Joanne M. DiSalvo, and Steven J. DiSalvo so stipulate, then the judgment, as so increased and amended, is affirmed insofar as appealed from, without costs or disbursements.
On December 22, 2006, the plaintiff, who was then 20 years old and pregnant, was a passenger in the right rear seat of an automobile which was involved in a collision with a vehicle operated by the defendant C.J. DiSalvo, and allegedly owned by the defendants Joanne M. DiSalvo and Steven J. DiSalvo (hereinafter collectively the DiSalvos). After this Court determined on a prior appeal that the complaint and all related cross claims insofar as asserted against the operator of the vehicle in which the plaintiff was a passenger should have been dismissed as a matter of law (see Vainer v DiSalvo, 79 AD3d 1023 [2010]), this case proceeded to trial in October 2011 against the DiSalvos solely on the issue of damages. The evidence revealed that the plaintiff underwent two arthroscopic surgeries under general anesthesia to repair torn right knee medial and lateral menisci, and that she sustained four disc bulges in the lumbar region of her spine and a disc herniation at L5-S1.
The jury found that, as a result of the accident, the plaintiff sustained a significant limitation of use of a body function or system and a permanent consequential limitation of use of a body member, function, or system. They awarded her the sums of $67,000 for her past pain and suffering and past loss of enjoyment of life, $18,000 for future pain and suffering and future loss of enjoyment of life over a period of two years, and $83,000 for future medical costs over a 15-year period. After the jury was discharged, the plaintiff orally moved for additur with respect to the award for future pain and suffering and future loss of enjoyment of life. The Supreme Court denied the plaintiffs motion, and a judgment in accordance with the verdict was entered. The plaintiff appeals from so much of the judgment as awarded her damages for future pain and suffering and future loss of enjoyment of life in the sum of only $18,000.
While the amount of damages to be awarded for personal injuries is a question for the jury, and “the jury’s determination is entitled to great deference” (Coker v Bakkal Foods, Inc., 52 AD3d 765, 766 [2008]; see Schray v Amerada Hess Corp., 297 AD2d 339 [2002]), it may be set aside if the award deviates materially from what would be reasonable compensation (see CPLR 5501 [c]; Harvey v Mazal Am. Partners, 79 NY2d 218, 225 [1992]; Davison v New York City Tr. Auth., 87 AD3d 608 [2011]; Keaney v City of New York, 63 AD3d 794, 795 [2009]; Tyberg v Tomasino, 19 AD3d 405, 405 [2005]). “Although prior *699 damage awards in cases involving similar injuries are not binding upon the courts, they guide and enlighten them with respect to determining whether a verdict in a given case constitutes reasonable compensation” (Miller v Weisel, 15 AD3d 458, 459 [2005]; see Nutley v New York City Tr. Auth., 79 AD3d 711 [2010]).
Here, the plaintiff’s doctor testified that her traumatically induced injuries were permanent and progressive, an opinion that the jury accepted. He also testified that, in the future, the plaintiff would require additional arthroscopic surgeries and a total knee replacement in addition to, inter alia, physical therapy and trigger-point injections. Under these circumstances, and taking into consideration prior damage awards in cases involving similar injuries, the damages award for future pain and suffering and future loss of enjoyment of life deviated materially from what would be reasonable compensation, and was insufficient to the extent indicated (see CPLR 5501 [c]; Purkiss-Riddle v New York City Tr. Auth., 89 AD3d 1001 [2011]; Adames v Awad, 47 AD3d 737 [2008]; Hammond v Welsh, 29 AD3d 518 [2006]; Ferrantello v St. Charles Hosp. & Rehabilitation Ctr, 275 AD2d 387 [2000]).
The parties’ remaining contentions either have been rendered academic in light of our determination or are without merit.
Accordingly, there must be a new trial on the issue of damages for future pain and suffering and future loss of enjoyment of life, unless the DiSalvos stipulate to the amount indicated. Dillon, J.P., Lott, Austin and Hinds-Radix, JJ., concur.