■ Maria Taveras, Respondent, v Raymond Vega, Appellant. [989 NYS2d 362]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Sweeney, J.), dated September 26, 2012, which granted the plaintiff's motion, in effect, pursuant to CPLR 4404 (a), to set aside, as inadequate and as against the weight of the evidence, a jury verdict on the issue of damages awarding her the sum of $20,000 for past pain and suffering and the sum of $30,000 for future pain and suffering, to the extent of ordering a new trial on the issue of damages unless the defendant stipulated to increase the award for past pain and suffering to the sum of $125,000 and the award for future pain and suffering to the sum of $125,000.

Ordered that the order is modified, on the facts and in the exercise of discretion, by deleting the provision thereof granting the plaintiff's motion, in effect, pursuant to CPLR 4404 (a) to set aside, as inadequate and as against the weight of the evidence, a jury verdict on the issue of damages awarding her the

sum of $20,000 for past pain and suffering and the sum of $30,000 for future pain and suffering, to the extent of ordering a new trial on the issue of damages unless the defendant stipulates to increase the award for past pain and suffering to the sum of $125,000 and the award for future pain and suffering to the sum of $125,000, and substituting therefor a provision granting the plaintiff's motion to the extent of ordering a new trial on the issue of damages unless the defendant stipulates to increase the award for past pain and suffering to the sum of $60,000 and the award for future pain and suffering to the sum of $90,000, as so modified, the order is affirmed, with one bill of costs payable to the defendant.

A jury verdict should not be set aside as against the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence (see Das v Costco Wholesale Corp., 98 AD3d 712 [2012]; Coma v City of New York, 97 AD3d 715 [2012]; DeSalvo v Kreynin, 95 AD3d 819 [2012]). Moreover, the amount of damages to be awarded to a plaintiff for personal injuries is a question for the jury, and its determination will not be disturbed unless the award deviates materially from what would be reasonable compensation (see CPLR 5501 [c]; Tyberg v Tomasino, 19 AD3d 405 [2005]; Pellegrino v Felici, 278 AD2d 212, 213 [2000]; Walsh v Kings Plaza Replacement Serv., 239 AD2d 408, 409 [1997]). Prior damage awards in cases involving similar injuries are not binding upon the courts but serve to "guide and enlighten" them in determining whether a verdict constitutes reasonable compensation (Miller v Weisel, 15 AD3d 458, 459 [2005]). However, consideration should also be given to other factors, including the nature and extent of the injuries (see Fryer v Maimonides Med. Ctr., 31 AD3d 604, 605 [2006]).

The awards for past pain and suffering and future pain and suffering, as increased by the Supreme Court, deviated materially from what would be reasonable compensation to the extent indicated (see CPLR 5501 [c]). Mastro, J.P., Leventhal, Lott and Miller, JJ., concur.