■ Suzanne Kusulas, Respondent, v Diane Saco, Appellant. [21 NYS3d 325]—

In an action to recover damages for personal injuries, the defendant appeals, as limited by her brief, from (1) so much of an order of the Supreme Court, Kings County (Partnow, J.), dated June 12, 2012, as, upon a jury verdict on the issue of damages awarding the plaintiff the principal sums of $1,000,000 for past pain and suffering and $1,000,000 for future pain and suffering, denied that branch of her motion which was to set aside the verdict on the issue of damages for past and future pain and suffering as excessive, and (2) so much of a judgment of the same court dated August 12, 2014, as, upon the jury verdict and upon the order, is in favor of the plaintiff and against her in the principal sums of $1,000,000 for past pain and suffering and $1,000,000 for future pain and suffering.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondent.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from that order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The plaintiff was injured when the defendant's vehicle collided with a vehicle in which she was a passenger. The plaintiff commenced this action against the defendant and was subsequently awarded summary judgment on the issue of liability.

At the damages trial, evidence was adduced demonstrating that, as a result of the accident, the plaintiff sustained herniated discs at C4-5 and C5-6, requiring spinal fusion surgery. The plaintiff underwent a second surgery after the bone graft between C5-6 failed to properly fuse, causing the adjacent disc at C6-7 to herniate. The plaintiff testified that she suffers from chronic and severe neck pain, despite physical therapy, epidural injections, and pain medications, and that she is unable to engage in many athletic activities that she previously enjoyed. According to the plaintiff's treating physician and expert, the plaintiff will require future surgery and medical treatment, including physical therapy and pain management, for the rest of her life.

The jury awarded the plaintiff damages in the principal sums of $1,000,000 for past pain and suffering and $1,000,000 for

future pain and suffering. Upon an order dated June 12, 2012, which denied the branch of the defendant's motion which was to set aside the verdict on the issue of damages, judgment was entered in accordance with the jury verdict.

"While the amount of damages to be awarded for personal injuries is a question for the jury, and the jury's determination is entitled to great deference, it may be set aside if the award deviates materially from what would be reasonable compensation" (*Vainer v DiSalvo*, 107 AD3d 697, 698 [2013] [internal quotation marks and citations omitted]; *see* CPLR 5501 [c]; *Coker v Bakkal Foods, Inc.*, 52 AD3d 765 [2008]). Prior damages awards in cases involving similar injuries are not binding upon the courts but serve to "guide and enlighten" them in determining whether a verdict constitutes reasonable compensation (*Taveras v Vega*, 119 AD3d 853, 854 [2014]). Here, contrary to the defendant's contention, the jury's award for past pain and suffering and future pain and suffering did not deviate materially from what would be reasonable compensation (*see* CPLR 5501 [c]). Mastro, J.P., Leventhal, Roman and Barros, JJ., concur.