■ ESTATE OF WILLIAM LOUGHLIN et al., Appellants, v STATE OF NEW YORK, Respondent. [45 NYS3d 521]—

In a claim to recover damages for violation of the right of sepulcher, the claimants appeal from a judgment of the Court of Claims (Mignano, J.), dated January 16, 2015, which, upon a decision of the same court dated December 11, 2014, made after a trial, is in favor of the claimants Laurie Keane and Patrick Loughlin and against the defendant in the principal sum of only $75,000 each.

Ordered that the judgment is affirmed, with costs.

"[T]he common-law right of sepulcher gives the next of kin the absolute right to the immediate possession of a decedent's body for preservation and burial, and . . . damages will be

awarded against any person who unlawfully interferes with that right or improperly deals with the decedent's body" (*Melfi v Mount Sinai Hosp.*, 64 AD3d 26, 31 [2009]). The standard of review for a damages award is whether it "deviate[s] materially from what would be reasonable compensation" (*Vasquez v County of Nassau*, 91 AD3d 855, 858 [2012]). In making such a determination, "[p]rior damages awards in cases involving similar injuries are not binding upon the courts but serve to 'guide and enlighten' them in determining whether a verdict constitutes reasonable compensation" (*Kusulas v Saco*, 134 AD3d 772, 774 [2015], quoting *Taveras v Vega*, 119 AD3d 853, 854 [2014]). Here, contrary to the claimants' contention, the Court of Claims' award of damages for the violation of the right to sepulcher did not deviate materially from what would be reasonable compensation (*see* CPLR 5501 [c]). Accordingly, we decline to disturb it. Dillon, J.P., Miller, Hinds-Radix and Connolly, JJ., concur.