◼ Gajendra Sawh, as Natural Father and Legal Guardian of Rajendra Sawh, an Infant, Appellant, v Bally Contracting Corp. et al., Respondents. [49 NYS3d 480]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Livote, J.), entered December 26, 2014, as denied that branch of his motion which was pursuant to CPLR 4404 (a) to set aside the jury verdict on the issue of damages for past pain and suffering.

Ordered that the order is reversed insofar as appealed from, on the law and in the exercise of discretion, that branch of the plaintiff's motion which was pursuant to CPLR 4404 (a) to set aside the verdict on the issue of damages for past pain and suffering is granted, and the matter is remitted to the Supreme Court, Queens County, for a new trial on the issue of damages for past pain and suffering, unless within 30 days after service upon the defendants of a copy of this decision and order, the defendants serve and file in the office of the Clerk of the Supreme Court, Queens County, a written stipulation consenting to increase the amount of damages for past pain and suffering from the principal sum of $100,000 to the principal sum of $300,000; in the event that the defendants so stipulate, then the order, as so modified, is affirmed insofar as appealed from, without costs or disbursements.

" 'While the amount of damages to be awarded for personal

injuries is a question for the jury, and the jury's determination is entitled to great deference, it may be set aside if the award deviates materially from what would be reasonable compensation' " (*Kusulas v Saco*, 134 AD3d 772, 774 [2015], quoting *Vainer v DiSalvo*, 107 AD3d 697, 698 [2013]; *see* CPLR 5501 [c]). "Prior damages awards in cases involving similar injuries are not binding upon the courts but serve to 'guide and enlighten' them in determining whether a verdict constitutes reasonable compensation" (*Kusulas v Saco*, 134 AD3d at 774, quoting *Taveras v Vega*, 119 AD3d 853, 854 [2014]).

On October 3, 2009, Rejandra Sawh (hereinafter the child), the plaintiff's then-12-year-old son, sustained a bimalleolar right ankle fracture, consisting of severe fractures of his right fibula and right tibia, as well as a fracture in his right tibia which damaged the epiphyseal or "growth" plate. The child's injuries required three surgeries, including the implantation and later removal of screws. The child's first hospitalization lasted five days, and he missed two months of school. After the two surgeries during his first hospitalization, he was required to use a splint for two weeks and then a boot with crutches for six weeks. In 2011, the third surgery was performed wherein the screws were removed and the child was required to use crutches for three weeks. After the three surgeries, the child developed increasing pain with certain movements of his ankle caused by the fusion of his right tibia and right fibula and a tibial angular deformity due to the damage to his growth plate. A fourth surgery to correct these deformities will be required. The child testified at trial that he needed to wear a brace when running, could no longer run as fast or as far as he used to, feels pain when he stands for too long, has trouble walking for long distances, and has less ability when participating in sports or during gym. The child also testified that changes in weather cause his ankle to tighten and it makes it more difficult for him to walk. The child has permanent reduced range of motion of his right ankle, cannot jump on his ankle, and feels a "pins and needles" sensation in his right heel.

Under the circumstances of this case, the damages awarded to the plaintiff for the child's past pain and suffering deviated materially from what would be reasonable compensation to the extent indicated herein (*see* CPLR 5501 [c]; *see Fishbane v Chelsea Hall, LLC*, 65 AD3d 1079, 1080 [2009]; *Ciano v Sauve*, 42 AD3d 556, 556 [2007]; *Zavurov v City of New York*, 241 AD2d 491, 492 [1997]; *cf. Ruiz v Hart Elm Corp.*, 44 AD3d 842, 842-844 [2007]).

Accordingly, that branch of the plaintiff's motion which was

pursuant to CPLR 4404 (a) to set aside the verdict on the issue of damages for past pain and suffering should have been granted as indicated. Mastro, J.P., Chambers, Maltese and Duffy, JJ., concur.