■ Warren Davis, Appellant, v State of New York, Respondent. [51 NYS3d 536]—

In a claim to recover damages for personal injuries, the claimant appeals, on the ground of inadequacy, from a judgment of the Court of Claims (Mignano, J.) dated August 6, 2014, which, upon a decision of the same court dated July 10, 2014, made after a trial on the issue of damages, finding that the claimant sustained damages in the principal sums of $475,000 for past pain and suffering and $250,000 for future pain and suffering, is in favor of him and against the defendant in the principal sum of only $725,000.

Ordered that the judgment is modified, on the facts and in the exercise of discretion, by deleting the provision thereof awarding damages for future pain and suffering; as so modified, the judgment is affirmed, without costs or disbursements, and the matter is remitted to the Court of Claims for a new trial on the issue of damages for future pain and suffering only, unless within 30 days after service upon the defendant of a copy of this decision and order, the defendant serves and files in the office of the Clerk of the Court of Claims a written stipulation consenting to increase the award of damages for future pain and suffering from the principal sum of $250,000 to the principal sum of $525,000, and to the entry of an amended judgment accordingly; in the event that the defendant so stipulates, then the judgment, as so increased and amended, is affirmed, without costs or disbursements.

On December 30, 2008, the claimant, an inmate at Sing Sing Correctional Facility (hereinafter Sing Sing), underwent a corneal transplant of his right eye. On January 20, 2009, the claimant was involved in an altercation with a correction officer at Sing Sing, during which the correction officer punched the claimant in the right eye. As a result, the claimant suffered a ruptured globe of his right eye. After surgery to repair the eye was unsuccessful, the claimant's right eye was removed on January 28, 2009. In 2010, the claimant was fitted for a prosthesis.

Thereafter, the claimant commenced this claim against the

defendant to recover damages for personal injuries. After the liability phase of the bifurcated trial, the Court of Claims found the defendant 100% liable for the incident. Following the damages trial, the court awarded the claimant the principal sums of $475,000 for past pain and suffering and $250,000 for future pain and suffering. A judgment was entered, and the claimant appeals from the judgment, arguing that the award of damages was inadequate.

" 'While the amount of damages to be awarded for personal injuries is a question for the [trier of fact], and the [trier of fact's] determination is entitled to great deference, it may be set aside if the award deviates materially from what would be reasonable compensation' " (*Kusulas v Saco*, 134 AD3d 772, 774 [2015], quoting *Vainer v DiSalvo*, 107 AD3d 697, 698 [2013]; *see* CPLR 5501 [c]; *Coker v Bakkal Foods, Inc.*, 52 AD3d 765, 766 [2008]). "Although prior damage awards in cases involving similar injuries are not binding upon the courts, they guide and enlighten them with respect to determining whether a verdict in a given case constitutes reasonable compensation" (*Miller v Weisel*, 15 AD3d 458, 459 [2005]; *see* CPLR 5501 [c]; *Taveras v Vega*, 119 AD3d 853, 854 [2014]). Here, contrary to the claimant's contention, the damages award for past pain and suffering did not deviate materially from what would be reasonable compensation. However, the damages award for future pain and suffering deviates materially from what would be reasonable compensation to the extent indicated herein (*see* CPLR 5501 [c]). Rivera, J.P., Leventhal, Hall and Duffy, JJ., concur.