■ MICHELLE SCACCIA et al., Respondents, v EDWARD J. BIENIEWICZ, M.D., Appellant. [56 NYS3d 551]—In an action, inter alia, to recover damages for medical malpractice, etc., the defendant appeals, as limited by his brief, from (1) so much of a judgment of the Supreme Court, Suffolk County (Mayer, J.), entered August 7, 2014, as, upon the defendant's stipulation as to his liability, and upon a jury verdict on the issue of damages, inter alia, awarding the plaintiff Michelle Scaccia the principal sums of $350,000 for past pain and suffering and $250,000 for future pain and suffering, is in favor of the plaintiffs and against him in the principal sums of $350,000 for past pain and suffering and $250,000 for future pain and suffering, and (2) so much of an order of the same court dated March 4, 2015, as denied that branch of his motion pursuant to CPLR 4404 (a) which was to set aside, as excessive, the damages awards for past and future pain and suffering.

Ordered that the judgment and the order are affirmed insofar as appealed from, with one bill of costs.

The amount of damages to be awarded to a plaintiff for personal injuries is a question for the jury, and the jury's determination will not be disturbed unless the award deviates materially from what would be reasonable compensation (see CPLR 5501 [c]; *Kusulas v Saco*, 134 AD3d 772, 774 [2015]; *Rose v Zinberg*, 128 AD3d 940, 941 [2015]; *Fryer v Maimonides Med. Ctr.*, 31 AD3d 604, 605 [2006]). Prior damage awards in cases involving similar injuries are not binding upon the courts but serve to "guide and enlighten" them in determining whether a verdict constitutes reasonable compensation (*Taveras v Vega*, 119 AD3d 853, 854 [2014]; see *Davis v State of New York*, 148 AD3d 985 [2017]; *Sawh v Bally Contr. Corp.*, 148 AD3d 852 [2017]). Here, contrary to the defendant's contention, the jury's awards for past pain and suffering and future pain and suffering did not deviate materially from what would be reasonable compensation (see *Hugh v Ofodile*, 87 AD3d 508, 510-511 [2011]; *Dehaarte v Ramenovsky*, 67 AD3d 724, 726 [2009]; *Sutch v Yarinsky*, 292 AD2d 715, 717 [2002]; *Baez v Dombroff*, 142 AD2d 705, 706 [1988]). Mastro, J.P., Leventhal, Austin and Roman, JJ., concur.