Diaz v Dadabo (2019 NY Slip Op 05765)





Diaz v Dadabo


2019 NY Slip Op 05765


Decided on July 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
ROBERT J. MILLER
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2017-08929
 (Index No. 63977/14)

[*1]Angel Diaz, appellant, 
v
Margaret R. Dadabo, respondent.


Krentsel & Guzman, LLP, New York, NY (Steven E. Krentsel, Jonathan Panarella, and Marcia Raicus of counsel), for appellant.
Craig P. Curcio, Middletown, NY (Douglas S. Goldberg of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Orazio R. Bellantoni, J.), dated July 18, 2017. The order denied the plaintiff's motion pursuant to CPLR 4404(a) to set aside a jury verdict on the issue of damages as inadequate and contrary to the weight of the evidence, and for a new trial on the issue of damages.
ORDERED that the order is affirmed, with costs.
On August 7, 2014, the then-30-year-old plaintiff was injured in a motor vehicle collision while riding his motorcycle. The plaintiff commenced this action against the driver of the other motor vehicle involved in the collision, and a bifurcated trial was held on liability and damages. On April 7, 2017, the jury returned a liability verdict finding the defendant 45% at fault and the plaintiff 55% at fault in the happening of the accident. The damages trial commenced immediately in front of the same jury. The jury heard testimony from the plaintiff, the plaintiff's surgeon, and the defendant's physician, who examined the plaintiff on April 27, 2016.
The evidence showed that the plaintiff sustained a fracture in the fibula near his left ankle, and underwent surgery that involved the insertion of a metal plate and metal screws. After the surgery, the plaintiff suffered severe headaches, apparently caused by the spinal anesthesia used during the surgery, and underwent a second procedure which "immediately" resolved the headaches. The plaintiff's treating surgeon and the defendant's physician each testified that the plaintiff made a good recovery and was unlikely to need another surgery in the future. The plaintiff testified that his recovery from the surgery took approximately one year. He testified that he has been able to resume some, but not all, of the physical recreational activities he enjoyed prior to the accident, can no longer run, and continues to experience daily discomfort in the location of the injury, particularly when he attempts to flex his calf muscles or walk quickly. During cross-examination, the plaintiff was confronted with prior inconsistent statements he had made, including statements regarding the length of his recovery.
The jury returned a verdict awarding the plaintiff the principal sums of $162,500 for past pain and suffering and $67,500 for future pain and suffering. According to the jury's answer to the third question on the jury verdict sheet, the jury intended to provide compensation for a period of 40 years. The plaintiff moved pursuant to CPLR 4404(a) to set aside the jury verdict on the issue of damages as inadequate and contrary to the weight of the evidence and for a new trial on the issue [*2]of damages. In an order dated July 18, 2017, the Supreme Court denied the plaintiff's motion. The plaintiff appeals.
"The amount of damages to be awarded to a plaintiff for personal injuries is a question for the jury, and the jury's determination will not be disturbed unless the award deviates materially from what would be reasonable compensation" (Scaccia v Bieniewicz, 151 AD3d 900, 900; accord Nayberg v Nassau County, 149 AD3d 761, 762; Graves v New York City Tr. Auth., 81 AD3d 589, 589; see CPLR 5501[c]). "A jury verdict on the issue of damages may be set aside as against the weight of the evidence only if the evidence on that issue so preponderated in favor of the plaintiff that the jury could not have reached its determination on any fair interpretation of the evidence'" (Curry v Hudson Val. Hosp. Ctr., 104 AD3d 898, 900, quoting Carter v New York City Health & Hosps. Corp., 47 AD3d 661, 663). "Prior damages awards in cases involving similar injuries are not binding upon the courts but serve to guide and enlighten' them in determining whether a verdict constitutes reasonable compensation" (Kusulas v Saco, 134 AD3d 772, 774, quoting Taveras v Vega, 119 AD3d 853, 854). However, consideration should also be given to other factors, including the nature and extent of the injuries (see Taveras v Vega, 119 AD3d at 854).
Here, in light of the nature and extent of the plaintiff's injuries, the jury's awards for past pain and suffering and future pain and suffering did not deviate materially from what would be reasonable compensation (see 5501[c]; Nayberg v Nassau County, 149 AD3d at 762), and were not contrary to the weight of the evidence (see Curry v Hudson Val. Hosp. Ctr., 104 AD3d at 901).
AUSTIN, J.P., MILLER, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court