Cullen v Thumser (2019 NY Slip Op 08988)





Cullen v Thumser


2019 NY Slip Op 08988


Decided on December 18, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 18, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
SHERI S. ROMAN
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2018-08734
 (Index No. 3918/14)

[*1]Terence J. Cullen, appellant, 
v
Matthew R. Thumser, et al., respondents.


Burns & Harris, New York, NY (Jason S. Steinberg of counsel), for appellant.
Martyn & Martyn, Mineola, NY (Gene Stith of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Anthony L. Parga, J. ), dated May 8, 2018. The judgment, upon, inter alia, a jury verdict on the issue of damages awarding the plaintiff the sum of $25,000 for past pain and suffering and $0 for future pain and suffering, and upon the denial of the plaintiff's motion, in effect, pursuant to CPLR 4404(a) to set aside the verdict as inadequate and contrary to the weight of the evidence, and for a new trial on the issue of damages, is in favor of the plaintiff and against the defendants in the principal sum of only $25,000.
ORDERED that the judgment is reversed, on the facts and in the exercise of discretion, with costs, and the matter is remitted to the Supreme Court, Nassau County, for a new trial on the issue of damages for past and future pain and suffering only, unless within 30 days after service upon the defendants of a copy of this decision and order with notice of entry, the defendants serve and file in the office of the Clerk of the Supreme Court, Nassau County, a written stipulation consenting to increase the damages awards for past pain and suffering from the principal sum of $25,000 to the principal sum of $100,000, and for future pain suffering from $0 to the principal sum of $50,000, and to the entry of an amended judgment accordingly. In the event that the defendants so stipulate, then the judgment, as so increased and amended, is affirmed, without costs or disbursements.
On December 21, 2012, the plaintiff was injured when the motor vehicle he was operating collided with a vehicle owned by the defendant Bart J. Thumser and operated by the defendant Matthew R. Thumser. Thereafter, the plaintiff commenced this action to recover damages for personal injuries sustained as a result of the accident. The defendants, by stipulation, conceded their liability, and the action proceeded to trial solely on the issue of damages.
During the damages trial, the plaintiff elicited testimony that, as a result of the accident, he sustained a torn meniscus in his right knee, requiring arthroscopic surgery. In addition, the plaintiff suffered an injury to his dominant left hand, specifically, a partial tear of the ulnar collateral ligament of the left thumb. Although surgery was recommended, a hand specialist who treated the plaintiff concluded that the plaintiff's thumb would not return to normal even with the surgery. The plaintiff testified that he continued to experience pain and swelling in his left hand and right knee, and that he had difficulty gripping items with his left hand.
The jury returned a verdict awarding the plaintiff $25,000 for past pain and suffering and $0 for future pain and suffering. The plaintiff moved, in effect, pursuant to CPLR 4404(a) to [*2]set aside the verdict as inadequate and contrary to the weight of the evidence, and for a new trial on the issue of damages. The Supreme Court denied the motion. Thereafter, a judgment was issued in favor of the plaintiff and against the defendants in the principal sum of only $25,000.
"A jury verdict on the issue of damages may be set aside as against the weight of the evidence only if the evidence on that issue so preponderated in favor of the plaintiff that the jury could not have reached its determination on any fair interpretation of the evidence'" (Curry v Hudson Val. Hosp. Ctr., 104 AD3d 898, 900, quoting Carter v New York City Health & Hosps. Corp., 47 AD3d 661, 663). "While the amount of damages to be awarded for personal injuries is a question for the jury, and the jury's determination is entitled to great deference, it may be set aside if the award deviates materially from what would be reasonable compensation" (Vainer v DiSalvo, 107 AD3d 697, 698 [citation and internal quotation marks omitted]; see CPLR 5501[c]; Chung v Shaw, 175 AD3d 1237, 1239; Diaz v Dadabo, 174 AD3d 787, 788-789). Prior damage awards in cases involving similar injuries are not binding upon the courts, but serve to guide and enlighten them in determining whether a verdict in a given case constitutes reasonable compensation (see Kusulas v Saco, 134 AD3d 772, 774; Taveras v Vega, 119 AD3d 853, 854; Miller v Weisel, 15 AD3d 458, 459). However, consideration should also be given to other factors, including the nature and extent of the injuries (see Diaz v Dadabo, 174 AD3d at 789; Taveras v Vega, 119 AD3d at 854).
Under the circumstances of this case, the jury's award for past pain and suffering was inadequate to the extent indicated herein (see CPLR 5501[c]; Purkiss-Riddle v New York City Tr. Auth., 89 AD3d 1001, 1002; Adames v Awad, 47 AD3d 737, 738; Semple v New York City Tr. Auth., 301 AD2d 514, 515). Furthermore, the jury's failure to award any damages for future pain and suffering was not based upon a fair interpretation of the evidence (see Lolik v Big V Supermarkets, 86 NY2d 744; Adames v Awad, 47 AD3d at 738), and was inadequate to the extent indicated herein (see Nutley v New York City Tr. Auth., 79 AD3d 711, 712; Semple v New York City Tr. Auth., 301 AD2d at 515).
SCHEINKMAN, P.J., ROMAN, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court