Garzon v Batash (2020 NY Slip Op 03501)





Garzon v Batash


2020 NY Slip Op 03501


Decided on June 24, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 24, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
LINDA CHRISTOPHER, JJ.


2017-12943
 (Index No. 700736/15)

[*1]Elza Garzon, appellant,
v
Steven Batash, et al., respondents.


Gair, Gair, Conason, Rubinowitz, Bloom, Hershenhorn, Steigman & Mackauf, New York, NY (Richard M. Steigman and D. Allen Zachary of counsel), for appellant.
Keller, O'Reilly & Watson, P.C., Woodbury, NY (Patrick J. Engle of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Queens County (Joseph J. Esposito, J.), entered September 28, 2017. The order granted that branch of the defendants' motion which was pursuant to CPLR 4404(a) to set aside as excessive a jury verdict on the issue of damages to the extent of directing a new trial on the issue of damages unless the plaintiff stipulated to reduce the verdict as to damages for past pain and suffering from the principal sum of $1,500,000 to the principal sum of $550,000, and for future pain and suffering from the principal sum of $1,000,000 to the principal sum of $100,000.
ORDERED that the order is modified, on the law, the facts, and in the exercise of discretion, by deleting the provision thereof granting that branch of the defendants' motion which was pursuant to CPLR 4404(a) to set aside as excessive the jury verdict as to future pain and suffering to the extent of directing a new trial as to those damages unless the plaintiff stipulated to reduce the verdict as to damages for future pain and suffering from the principal sum of $1,000,000 to the principal sum of $100,000, and substituting therefor a provision granting that branch of the defendants' motion to the extent of directing a new trial as to those damages unless the plaintiff shall serve and file in the office of the Clerk of the Supreme Court, Queens County, a written stipulation consenting to reduce the verdict as to damages for future pain and suffering from the principal sum of $1,000,000 to the principal sum of $500,000; as so modified, the order is affirmed, with costs to the plaintiff.
The plaintiff commenced this action to recover damages for medical malpractice, alleging that the defendant Steven Batash perforated a part of her small intestine as he performed an endoscopy, requiring an exploratory laparotomy to repair the perforation. At trial, the plaintiff's expert testified, among other things, that, as a result of the surgery, the plaintiff had an increased risk of developing a bowel obstruction, hernias, and bacterial overgrowth in the small intestine. In addition, he testified that the surgery left the plaintiff with an approximately 7½-inch scar on her abdomen, which was permanent in nature.
At the conclusion of the trial, the jury rendered a verdict in favor of the plaintiff and against the defendants in the principal sums of $1,500,000 for past pain and suffering and $1,000,000 [*2]for future pain and suffering. Thereafter, the Supreme Court granted that branch of the defendants' motion which was pursuant to CPLR 4404(a) to set aside as excessive the verdict on the issue of damages to the extent of directing a new trial on the issue of damages unless the plaintiff stipulated to reduce the verdict as to damages for past pain and suffering from the principal sum of $1,500,000 to the principal sum of $550,000, and for future pain and suffering from the principal sum of $1,000,000 to the principal sum of $100,000. The plaintiff appeals.
A jury's determination with respect to awards for past and future pain and suffering will not be set aside unless the award deviates materially from what would be reasonable compensation (see CPLR 5501[c]; Garcia v CPS 1 Realty, LP, 164 AD3d 656, 659; Quijano v American Tr. Ins. Co., 155 AD3d 981, 983). "Prior damages awards in cases involving similar injuries are not binding upon the courts but serve to guide and enlighten them in determining whether a verdict constitutes reasonable compensation" (Kusulas v Saco, 134 AD3d 772, 774 [internal quotation marks omitted]; see Taveras v Vega, 119 AD3d 853, 854; Miller v Weisel, 15 AD3d 458, 459). However, consideration should also be given to other factors, including the nature and extent of the injuries (see Taveras v Vega, 119 AD3d at 854).
Here, considering the nature and the extent of the plaintiff's injuries, the award for past pain and suffering, as reduced by the Supreme Court, did not deviate materially from what would be reasonable compensation (see CPLR 5501[c]; Gaspard v Aronoff, 153 AD3d 795, 797). However, under the circumstances of this case, the damages awarded to the plaintiff for future pain and suffering, as reduced by the court, deviated materially from what would be reasonable compensation, to the extent indicated herein (see Gaspard v Aronoff, 153 AD3d at 797; Rojas v Palese, 94 AD3d 557, 558; Paruolo v Yormak, 37 AD3d 794, 795).
CHAMBERS, J.P., ROMAN, COHEN and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court