Taylor v State of New York (2021 NY Slip Op 01081)





Taylor v State of New York


2021 NY Slip Op 01081


Decided on February 17, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2017-01887

[*1]Taliyah Taylor, appellant,
v
State of New York, respondent. (Claim No. 124559)


Taliyah Taylor, Bedford Hills, NY, appellant pro se.
Letitia James, Attorney General, New York, NY (Anisha S. Dasgupta and Amit R. Vora of counsel), for respondent.



DECISION & ORDER
In a claim to recover damages for defamation, negligence, and wrongful confinement, the claimant appeals from a judgment of the Court of Claims (Stephen J. Mignano, J.), dated November 30, 2016. The judgment, insofar as appealed from, upon an order of the same court dated January 5, 2015, inter alia, granting that branch of the defendant's motion which was pursuant to CPLR 3211(a) to dismiss the cause of action to recover damages for defamation, and upon a decision of the same court dated October 17, 2016, made after a nonjury trial, dismissed the cause of action to recover damages for defamation, in effect, dismissed the cause of action to recover damages for negligence, and awarded damages to the claimant in the principal sum of only $120 on the cause of action to recover damages for wrongful confinement.
ORDERED that the judgment is modified, on the facts, by deleting the provision thereof awarding the claimant damages in the principal sum of $120, and substituting therefor a provision awarding the claimant damages in the principal sum of $600; as so modified, the judgment is affirmed insofar as appealed from, with costs to the claimant.
The claimant was the subject of disciplinary procedures at the Bedford Hills Correctional Facility for Women, where she is an inmate. A correction officer alleged that the claimant violated rules prohibiting fighting, violent conduct, and creating a disturbance. By disciplinary hearing disposition dated March 7, 2014, after a hearing, the claimant was found guilty of those charges and was sentenced to 20 days of keeplock, or confinement to her cell, and the loss of recreation, package, commissary, and phone privileges for 20 days. On March 18, 2014, that disciplinary determination was administratively reversed on the ground that the claimant's documents request at the hearing had been denied without explanation.
The claimant commenced this claim to recover damages for defamation, negligence, and wrongful confinement. The defendant moved pursuant to CPLR 3211(a)(2) and (7) to dismiss the claim. By order dated January 5, 2015, the Court of Claims granted that branch of the defendant's motion which was to dismiss the cause of action to recover damages for defamation. By judgment dated November 30, 2016, upon the order, and upon a decision dated October 17, 2016, made after a nonjury trial, the court dismissed the cause of action to recover damages for defamation, in effect, dismissed the cause of action to recover damages for negligence, and awarded damages to [*2]the claimant in the principal sum of $120 on the cause of action to recover damages for wrongful confinement. The claimant appeals.
The Court of Claims properly dismissed the cause of action to recover damages for defamation. The actions of correction officers in preparing and filing misbehavior reports are entitled to absolute immunity (see Arteaga v State of New York, 72 NY2d 212, 219). Here, the cause of action to recover damages for defamation was based entirely on a misbehavior report prepared and filed by a correction officer. The claimant's "[a]llegations of improper motives and even malicious wrongdoing are insufficient to circumvent absolute immunity" (Mertens v State of New York, 73 AD3d 1376, 1377; see Tarter v State of New York, 68 NY2d 511, 518).
The Court of Claims also properly determined, in effect, to dismiss the cause of action to recover damages for negligence after trial. "To hold a defendant liable in common-law negligence, a plaintiff must show that the defendant owed a duty to the plaintiff, that the defendant breached that duty, and that the breach was the proximate cause of the injury" (Federico v Defoe Corp., 138 AD3d 682, 684). "Having assumed physical custody of inmates, who cannot protect and defend themselves in the same way as those at liberty can, the [municipality owes] a duty of care to safeguard inmates, even from attacks by fellow inmates" (Sanchez v State of New York, 99 NY2d 247, 252; see Adeleke v County of Suffolk, 156 AD3d 748; Barnette v City of New York, 96 AD3d 700, 701). Here, the evidence at trial was insufficient to establish that the defendant breached a duty that it owed to the claimant or that such breach of duty was a proximate cause of the claimant's injury.
We disagree, however, with the Court of Claims' determination of damages in the principal sum of $120 on the cause of action to recover damages for wrongful confinement. "The standard of review for a damages award is whether it 'deviate[s] materially from what would be reasonable compensation'" (Estate of Loughlin v State of New York, 146 AD3d 863, 864, quoting Vasquez v County of Nassau, 91 AD3d 855, 858). "Prior damages awards in cases involving similar injuries are not binding upon the courts but serve to 'guide and enlighten' them in determining whether a verdict constitutes reasonable compensation" (Kusulas v Saco, 134 AD3d 772, 774, quoting Taveras v Vega, 119 AD3d 853, 854; see Estate of Loughlin v State of New York, 146 AD3d at 864). Here, the court determined that the hearing officer at the claimant's disciplinary hearing: disregarded the claimant's witnesses before they testified; decided that the claimant was guilty before hearing any testimony; threatened the claimant with a harsher penalty if the testimony of a correction officer that she wished to call as a witness did not coincide with her testimony, and followed through on that threat; denied, without explanation, the claimant's request for videotape that should have captured the underlying incident; denied the claimant's request for the To/From memorandum about the underlying incident; and improperly served as the hearing officer even though he responded to the underlying incident. Under the circumstances, we agree with the claimant's contention that the court should have awarded her damages in the principal sum of $50 for each day she was confined, and we modify the judgment accordingly.
The claimant's contention regarding damages for her mental anguish is unpreserved for appellate review.
The defendant's remaining contentions are not properly before this Court.
DILLON, J.P., MILLER, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court