Bonneau v State of New York (2025 NY Slip Op 03699)

Bonneau v State of New York

2025 NY Slip Op 03699

Decided on June 18, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 18, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
VALERIE BRATHWAITE NELSON
HELEN VOUTSINAS
DONNA-MARIE E. GOLIA, JJ.

2023-09947

[*1]Jude Bonneau, appellant, 
v
State of New York, respondent. (Claim No. 129461)

Tracie A. Sundack & Associates, LLC, White Plains, NY, for appellant.
Letitia James, Attorney General, New York, NY (Judith N. Vale and Kartik Naram of counsel), for respondent.

DECISION & ORDER
In a claim to recover damages for personal injuries, the claimant appeals from a judgment of the Court of Claims (W. Brooks DeBow, J.), dated May 2, 2023. The judgment, insofar as appealed from, upon a decision of the same court dated March 23, 2023, made after a nonjury trial, awarded the claimant the principal sum of only $10,000 for past pain and suffering. The notice of appeal from the decision is deemed a notice of appeal from the judgment (see CPLR 5512[a]).
ORDERED that the judgment is reversed insofar as appealed from, on the facts and in the exercise of discretion, without costs or disbursements, and the matter is remitted to the Court of Claims for a new determination on damages to be awarded to the claimant for past pain and suffering.
In August 2016, the claimant, an inmate at the Green Haven Correctional Facility, fell down a flight of stairs after the correctional facility did not place him in a cell on the first floor and after a corrections officer confiscated the claimant's cane. The claimant tore his left rotator cuff in the fall which required surgery and physical therapy to fix. Thereafter, the claimant commenced this claim against the defendant to recover damages for personal injuries. After a nonjury trial, the Court of Claims found the defendant 100% liable for the incident and awarded the claimant damages limited to the ad damnum clause. The claimant requested in his ad damnum clause "$10.000.000," which the court interpreted as $10,000. The claimant appeals, contending that the court erred in interpreting the ad damnum clause to be limited to $10,000.
"The claim shall state . . . the items of damage or injuries claimed to have been sustained and, except in an action to recover damages for personal injury, medical, dental or podiatric malpractice or wrongful death, the total sum claimed" (Court of Claims Act § 11[b]). "Pleadings shall be liberally construed. Defects shall be ignored if a substantial right of a party is not prejudiced" (CPLR 3026). "[T]he court may grant any type of relief within its jurisdiction appropriate to the proof whether or not demanded, imposing such terms as may be just" (CPLR 3017[a]; see State of New York v Barone, 74 NY2d 332, 336; Burns v Burns, 174 AD3d 570, 571). "The standard of review for a damages award is whether it deviate[s] materially from what would be reasonable compensation" (Taylor v State of New York, 191 AD3d 915, 917 [internal quotation marks omitted]; see Estate of Loughlin v State of New York, 146 AD3d 863, 864). "Prior damages [*2]awards in cases involving similar injuries are not binding upon the courts but serve to guide and enlighten them in determining whether a verdict constitutes reasonable compensation" (Taylor v State of New York, 191 AD3d at 917 [internal quotation marks omitted]; see Kusulas v Saco, 134 AD3d 772, 774). "'While the amount of damages to be awarded for personal injuries is a question for the [trier of fact], and the [trier of fact's] determination is entitled to great deference, it may be set aside if the award deviates materially from what would be reasonable compensation'" (Davis v State of New York, 148 AD3d 985, 986, quoting Kusulas v Saco, 134 AD3d at 774).
Here, although the Court of Claims found that the claimant's evidence could support a "substantial recovery for past and future pain and suffering," it limited the award of damages to $10,000 based on its interpretation of the ad damnum clause. The court should have granted "any type of relief within its jurisdiction appropriate to the proof whether or not demanded" (CPLR 3017[a]; see State of New York v Barone, 74 NY2d at 336; Burns v Burns, 174 AD3d at 571). Although the trier of fact's "determination is entitled to great deference, it may be set aside if the award deviates materially from what would be reasonable compensation" (Davis v State of New York, 148 AD3d at 986, see Kusulas v Saco, 134 AD3d at 774). An award of $10,000 deviates materially from awards for similar injuries (see Reyes v State of New York, 84 Misc 3d 1224[A], 2024 NY Slip Op 51509[U] [Ct Cl]; Caballero v State of New York, Ct Cl, Sept. 23, 2022, Sampson, J., claim No. 120664, UID No. 2022-053-009; Yorke v State of New York, Ct Cl, July 11, 2019, Sampson, J., claim No. 126189, UID No. 2019-053-012). Consequently, the court should have awarded an amount for past pain and suffering that was supported by the evidence submitted by the claimant (see CPLR 3017[a]; Taylor v State of New York, 191 AD3d at 917; Burns v Burns, 174 AD3d at 571).
GENOVESI, J.P., BRATHWAITE NELSON, VOUTSINAS and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court