■ TRACEY SANZ, Respondent, v MTA-LONG ISLAND BUS, Appellant. [849 NYS2d 88]—

In an action to recover damages for personal injuries, the defendant appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Nassau County (Feinman, J.), dated May 16, 2006, as, upon a jury verdict finding that the plaintiff

sustained a serious injury and awarding the plaintiff damages in the sums of $350,000 for past pain and suffering and $400,000 for future pain and suffering, and upon the denial of its motion pursuant to CPLR 4404, inter alia, to set aside the jury verdict and for judgment as a matter of law, is in favor of the plaintiff and against it in the principal sum of $750,000.

Ordered that the judgment is reversed insofar as appealed from, on the facts and in the exercise of discretion, with costs, and the matter is remitted to the Supreme Court, Nassau County, for a new trial on the issue of damages, unless within 30 days after service upon the plaintiff of a copy of this decision and order, the plaintiff shall serve and file in the office of the Clerk of the Supreme Court, Nassau County, a written stipulation consenting to reduce the verdict as to damages for past pain and suffering from the principal sum of $350,000 to the principal sum of $200,000 and to reduce the verdict as to damages for future pain and suffering from the principal sum of $400,000 to the principal sum of $200,000, and to the entry of an appropriate amended judgment accordingly; in the event that the plaintiff so stipulates, then the judgment, as so reduced and amended, is affirmed insofar as appealed from, without costs or disbursements.

This action arises from a motor vehicle accident on August 12, 2002 when a bus owned by the defendant and in which the plaintiff was riding as a passenger, was struck by another bus. The plaintiff claimed that, as a result of the accident, she sustained herniated discs in her cervical spine and numbness and tingling in both hands. Approximately one month after the accident, the plaintiff underwent an anterior cervical discectomy, with an allograft and plate fusion.

At trial, the defendant failed to call as witnesses any of the doctors whom it had retained to examine the plaintiff. Instead, the defendant's strategy was to show that the plaintiff's various injuries were the result of an earlier accident, which occurred in January 1994.

On appeal, the defendant contends, inter alia, that the plaintiff failed to establish a prima facie case that her injuries were sustained in the subject motor vehicle accident, as her medical experts failed to indicate an awareness of the prior accident. We disagree. Notably, the plaintiff presented testimony from her internist, who had conducted a routine annual physical exactly one week prior to the subject accident, and found full cervical range of motion and no spinal tenderness at that time. In addition, the plaintiff's treating physician Dr. Stephen Burstein stated that he would not change his opinion that the

plaintiff's injuries were caused by the subject accident as a result of learning of the prior accident in 1994, for which she underwent physical therapy for a number of years. He explained that the large extruded disc fragment which was found in the plaintiff's cervical spine was the result of an acute episode of the kind which generally follows a whiplash type of injury. Moreover, the evidence presented by the plaintiff's medical experts, including the surgeon who performed the discectomy, established a prima facie case of serious injury, by virtue of her having sustained a "significant limitation of use of a body function or system" and a "medically determined injury or impairment of a non-permanent nature which [prevented the plaintiff] from performing substantially all of the material acts which [constituted her] usual and customary daily activities for not less than ninety days during the one hundred eighty days immediately following the occurrence of the injury or impairment" (Insurance Law § 5102 [d]).

However, the jury's damages awards deviated materially from what would be reasonable compensation to the extent indicated (see CPLR 5501 [c]).

The defendant's remaining contentions are either unpreserved for appellate review, waived, or without merit. Santucci, J.P., Krausman, Florio and Lifson, JJ., concur.