Chung v Shaw (2019 NY Slip Op 06468)





Chung v Shaw


2019 NY Slip Op 06468


Decided on September 11, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 11, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
RUTH C. BALKIN
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2017-03076
 (Index No. 8375/13)

[*1]Alfred Chung, appellant,
v
Rachelle Shaw, respondent.


Subin Associates, LLP (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac, Michael H. Zhu, and Christopher Soverow], of counsel), for appellant.
Pillinger Miller Tarallo, LLP, Elmsford, NY (Shawn M. Weakland of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Larry D. Martin, J.), dated January 30, 2017. The order denied the plaintiff's motion pursuant to CPLR 4404(a) to set aside, as inadequate, a jury verdict awarding the plaintiff damages in the principal sum of only $25,000 for past pain and suffering, $0 for future pain and suffering, $25,000 for past medical expenses, and $0 for future medical expenses, and for a new trial on the issue of damages.
ORDERED that the order is modified, on the facts, by deleting the provision thereof denying those branches of the plaintiff's motion pursuant to CPLR 4404(a) which were to set aside, as inadequate, the jury verdict on the issue of damages for past pain and suffering and future pain and suffering, and for a new trial on the issue of those damages, and substituting therefor a provision granting those branches of the motion to the extent of setting aside, as inadequate, the jury verdict on those damages and directing a new trial on the issue of those damages unless the defendant shall serve and file in the Office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to increase the award of damages for past pain and suffering from the principal sum of $25,000 to the principal sum of $150,000 and for future pain and suffering from $0 to the principal sum of $100,000; as so modified, the order is affirmed, with costs payable to the plaintiff; and it is further,
ORDERED that the time for the defendant to serve and file the written stipulation consenting to increase the award of damages, if she be so advised, shall be 30 days after service upon her of a copy of this decision and order.
The plaintiff commenced this action to recover damages for personal injuries he allegedly sustained on March 16, 2013, when his vehicle was struck in the rear by a vehicle operated by the defendant. The plaintiff was awarded summary judgment on the issue of liability, and the action proceeded to a trial on the issue of damages. The evidence at trial established that, following the accident, the plaintiff experienced pain and tingling in his extremities. The plaintiff underwent a conservative course of treatment consisting of physical therapy, acupuncture, and chiropractic care, [*2]which failed to resolve his symptoms. On December 2, 2013, the plaintiff underwent an anterior cervical discectomy and fusion surgery at the C5-C6 level. The plaintiff testified that after the surgery, he continued to experience intermittent pain and burning sensations, and he described the loss of range of motion in his neck.
The jury returned a verdict awarding the plaintiff $25,000 for past pain and suffering, $0 for future pain and suffering, $25,000 for past medical expenses, and $0 for future medical expenses. The plaintiff moved pursuant to CPLR 4404(a) to set aside the damages award as inadequate and for a new trial on the issue of damages. The Supreme Court denied the motion, and the plaintiff appeals.
A jury verdict on the issue of damages may be set aside "as against the weight of the evidence only if the evidence on that issue so preponderated in favor of the plaintiff that the jury could not have reached its determination on any fair interpretation of the evidence" (Carter v New York City Health & Hosps. Corp., 47 AD3d 661, 663; see Williams v City of New York, 71 AD3d 1135, 1137). "While the amount of damages to be awarded for personal injuries is a question for the jury, and the jury's determination is entitled to great deference'" (Vainer v DiSalvo, 107 AD3d 697, 698, quoting Coker v Bakkal Foods, Inc., 52 AD3d 765, 766; see Schray v Amerada Hess Corp., 297 AD2d 339), it may be set aside if the award deviates materially from what would be reasonable compensation (see CPLR 5501[c]; Harvey v Mazal Am. Partners, 79 NY2d 218, 225; Vainer v DiSalvo, 107 AD3d at 698-699). "Although prior damage awards in cases involving similar injuries are not binding upon the courts, they guide and enlighten them with respect to determining whether a verdict in a given case constitutes reasonable compensation" (Miller v Weisel, 15 AD3d 458, 459; see Nutley v New York City Tr. Auth., 79 AD3d 711).
Under the circumstances of this case, where the plaintiff was required to undergo an anterior cervical discectomy and fusion surgery as a result of the accident, the jury's award for past pain and suffering was inadequate to the extent indicated (see Cicola v County of Suffolk, 120 AD3d 1379, 1379; Sanz v MTA-Long Is. Bus, 46 AD3d 867, 868).
Further, since it was undisputed that the cervical fusion, inter alia, permanently reduced the plaintiff's cervical range of motion, the jury's failure to award any damages for future pain and suffering was not based upon a fair interpretation of the evidence (see Conlon v Foley, 73 AD3d 836, 837; see also Conley v City of New York, 40 AD3d 1024, 1026), and was inadequate to the extent indicated (see Cicola v County of Suffolk, 120 AD3d at 1379; Sanz v MTA-Long Is. Bus, 46 AD3d at 868).
"Awards of damages for past and future medical expenses must be supported by competent evidence which establishes the need for, and the cost of, medical care" (Pilgrim v Wilson Flat, Inc., 110 AD3d 973, 974; see Lane v Smith, 84 AD3d 746, 749). Here, the jury's award for past medical expenses, in an amount lower than requested, was reasonable in light of inconclusive testimony from the plaintiff's witnesses as to the cost of his medical care (see Starkman v City of Long Beach, 148 AD3d 1070, 1072). Further, we decline to disturb the jury's award of $0 damages for future medical expenses (see Nicastro v Park, 113 AD2d 129).
The plaintiff's contention that the verdict was inconsistent is unpreserved for appellate review (see Barry v Manglass, 55 NY2d 803, 806; Iovino v Kaplan, 145 AD3d 974, 978).
MASTRO, J.P., BALKIN, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court