Hadjidemetriou v Juarez (2020 NY Slip Op 06107)





Hadjidemetriou v Juarez


2020 NY Slip Op 06107


Decided on October 28, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 28, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
BETSY BARROS
FRANCESCA E. CONNOLLY
PAUL WOOTEN, JJ.


2019-00746
 (Index No. 13268/14)

[*1]Stelios Hadjidemetriou, appellant, 
v
Jose L. Juarez, et al., respondents.


Sullivan Papain Block McGrath & Cannavo P.C., New York, NY (Stephen C. Glasser and Christopher J. DelliCarpini of counsel), for appellant.
Ferro & Stenz (Gentile & Tambasco, Melville, NY [Susan J. Mitola], of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Ernest F. Hart, J.), entered October 24, 2018. The judgment, insofar as appealed from, upon, inter alia, a jury verdict on the issue of damages, and upon an order of the same court entered April 30, 2018, denying the plaintiff's motion for additur with respect to the jury verdict awarding damages for past pain and suffering and future pain and suffering or, alternatively, to set aside those damages awards as inadequate and contrary to the weight of the evidence and for a new trial on the issue of those damages, is in favor of the plaintiff and against the defendants in the principal sums of only $2,000 for past pain and suffering and $0 for future pain and suffering.
ORDERED that the judgment is modified, on the facts and in the exercise of discretion, by deleting the provision thereof awarding damages to the plaintiff for past pain and suffering; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, that branch of the plaintiff's motion which was to set aside the damages award for past pain and suffering as inadequate and contrary to the weight of the evidence and for a new trial on the issue of those damages is granted, the order is modified accordingly, and the matter is remitted to the Supreme Court, Queens County, for a new trial on the issue of damages for past pain and suffering, and for the entry of an appropriate amended judgment thereafter, unless within 30 days after service upon the defendants of a copy of this decision and order, the defendants serve and file in the office of the Clerk of the Supreme Court, Queens County, a written stipulation consenting to increase the verdict as to damages for past pain and suffering from the principal sum of $2,000 to the principal sum of $50,000, and to the entry of an appropriate amended judgment accordingly; in the event the defendants so stipulate, then the judgment, as so increased and amended, is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff commenced this action to recover damages for personal injuries after allegedly suffering a torn meniscus as the result of a motor vehicle accident that occurred on September 29, 2013. At the trial on the issue of liability, the jury returned a verdict in favor of the plaintiff and against the defendants.
At the trial on the issue of damages, the plaintiff testified on his own behalf and also presented expert medical testimony that the subject accident was the cause of his torn meniscus and that he has permanent damage to his knee. The defendants presented testimony from their own [*2]medical expert that the accident was not the cause of the plaintiff's torn meniscus and, in any event, that he has no permanent knee damage. Ultimately, the jury returned a verdict in favor of the plaintiff and against the defendants on the issue of damages, finding that the plaintiff sustained a nonpermanent serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident, and awarding the plaintiff $2,000 for past pain and suffering and $0 for future pain and suffering, as well as $9,500 for past medical expenses.
The plaintiff moved for additur with respect to so much of the jury verdict as awarded damages in the principal sums of only $2,000 for past pain and suffering and $0 for future pain and suffering or, alternatively, to set aside those damages awards as inadequate and contrary to the weight of the evidence and for a new trial on the issue of those damages. The Supreme Court denied the motion, and on October 24, 2018, a judgment was entered in the plaintiff's favor in the principal sum of $11,500. The plaintiff appeals.
We agree with the plaintiff that the award of $2,000 for past pain and suffering deviates materially from what would be reasonable compensation to the extent indicated herein (see CPLR 5501[c]; Cullen v Thumser, 178 AD3d 895, 897; Munzon v Victor at Fifth, LLC, 161 AD3d 1183; Adames v Awad, 47 AD3d 737, 738). Contrary to the defendants' contention, insofar as the jury expressly found that the plaintiff had sustained a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident, the jury implicitly rejected the defendants' position that the plaintiff's meniscus tear resulted from something other than the accident (see Wojeski v Del Favero, 17 AD3d 1024, 1026).
On the other hand, contrary to the plaintiff's contention, the jury's award of no damages for future pain and suffering is not contrary to the weight of the evidence, as the evidence concerning the extent and permanency of his injury did not so preponderate in his favor that the verdict awarding him no damages for future pain and suffering could not have been reached on any fair interpretation of the evidence (see Lolik v Big V Supermarkets, 86 NY2d 744, 746; Wojeski v Del Favero, 17 AD3d at 1025-1026).
BALKIN, J.P., BARROS, CONNOLLY and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court