Rojas v Brabant (2021 NY Slip Op 08271)





Rojas v Brabant


2021 NY Slip Op 08271


Decided on March 17, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SYLVIA O. HINDS-RADIX
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.


2017-13228
 (Index No. 69722/15)

[*1]Arnaldo Rojas, appellant, 
v
Michael J. Brabant, et al., respondents.


Ogen & Sedaghati, P.C., New York, NY (Eitan Alexander Ogen of counsel), for appellant.
Cuomo LLC, Mineola, NY (Matthew A. Cuomo of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Westchester County (Mary H. Smith, J.), dated October 6, 2017. The judgment, insofar as appealed from, upon a jury verdict on the issue of damages, is in favor of the plaintiff and against the defendants in the principal sums of only $100,000 for past pain and suffering, $50,000 for future pain and suffering, and $50,000 for future medical expenses.
ORDERED that the judgment is modified, on the facts and in the exercise of discretion, by deleting the provisions thereof awarding damages to the plaintiff for past pain and suffering and future pain and suffering; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for a new trial on the issue of damages for past pain and suffering and future pain and suffering only, and for the entry of an appropriate amended judgment thereafter, unless within 30 days after service upon the defendants of a copy of this decision and order, the defendants serve and file in the office of the Clerk of the Supreme Court, Westchester County, a written stipulation consenting to increase the award of damages for past pain and suffering from the principal sum of $100,000 to the principal sum of $300,000 and the award of damages for future pain and suffering from the principal sum of $50,000 to the principal sum of $200,000, and to the entry of an appropriate amended judgment accordingly; in the event that the defendants so stipulate, then the judgment, as so increased and amended, is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff allegedly sustained personal injuries when his vehicle was involved in a collision with the defendants' vehicle. The plaintiff commenced this action against the defendants and was subsequently awarded summary judgment on the issue of liability. At a jury trial on the issue of damages, evidence was adduced demonstrating that as a result of the accident, the plaintiff sustained a herniated disc at C5-C6 for which he underwent spinal fusion surgery. The plaintiff's experts testified that the plaintiff will require future surgery, frequent physical therapy and pain management, and periodic MRI scans for the rest of his life. The jury found that the plaintiff suffered from a significant limitation of use of a body function or system, and awarded him the principal sums of $100,000 for past pain and suffering, $50,000 for future pain and suffering over 14.5 years, and $50,000 for future medical costs over 14.5 years. The plaintiff appeals.
The amount of damages to be awarded to a plaintiff for personal injuries is a question for the jury, and its determination will not be disturbed unless the award deviates materially from what would be reasonable compensation (see CPLR 5501[c]; Peterson v MTA, 155 AD3d 795, 798; Graves v New York City Tr. Auth., 81 AD3d 589, 589). The reasonableness of compensation must be measured against relevant precedent of comparable cases (see Turuseta v Wyassup-Laurel Glen Corp., 91 AD3d 632, 634; Donlon v City of New York, 284 AD2d 13, 15). Although prior damage awards in cases involving similar injuries are not binding upon the courts, they guide and enlighten them with respect to determining whether a verdict in a given case constitutes reasonable compensation (see Taveras v Vega, 119 AD3d 853, 854).
Under the facts of this case, we find that the award of damages for past and future pain and suffering deviated materially from what would be reasonable compensation to the extent indicated herein (see CPLR 5501[c]; Sanz v MTA-Long Is. Bus, 46 AD3d 867, 868; Gehrer v Eisner, 19 AD3d 851, 853; Lifshits v Variety Poly Bags, 5 AD3d 566, 567; Cromas v Kosher Plaza Supermarket, 300 AD2d 273, 274). However, we also conclude that the award of damages for future medical expenses did not deviate materially from what would be reasonable compensation (see Vainer v DiSalvo, 107 AD3d 697, 698).
Accordingly, there must be a new trial on the issue of damages for past and future pain and suffering, unless the defendants stipulate to the amounts indicated.
DILLON, J.P., HINDS-RADIX, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court