Kapassakis v Metropolitan Transp. Auth. (2021 NY Slip Op 02283)





Kapassakis v Metropolitan Transp. Auth.


2021 NY Slip Op 02283


Decided on April 14, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 14, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE
BETSY BARROS, JJ.


2017-02982
 (Index No. 23625/10)

[*1]Sophie Kapassakis, appellant, 
v
Metropolitan Transportation Authority, et al., respondents, et al., defendant.


Arnold E. DiJoseph, P.C., New York, NY (Arnold E. DiJoseph III of counsel), for appellant.
Armienti, DeBellis, Guglielmo & Rhoden, LLP, New York, NY (Vanessa M. Corchia of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Thomas Feinman, J.), dated December 7, 2016. The judgment, insofar as appealed from, upon a jury verdict on the issue of damages, inter alia, awarding the plaintiff the sum of $75,000 for past pain and suffering and $0 for future pain and suffering, and upon an order of the same court dated October 12, 2016, denying those branches of the plaintiff's motion which were pursuant to CPLR 4404(a) to set aside so much of the verdict as found that the plaintiff did not suffer a serious injury under the "significant limitation of use of a body function or system" or "permanent consequential limitation of use of a body organ or member" categories of Insurance Law § 5102(d) as a result of the subject accident, and for judgment as a matter of law finding that she did suffer a serious injury under those categories or, in the alternative, for a new trial on those issues, and denying those branches of the plaintiff's motion which were for additur with respect to the jury verdict awarding damages for past pain and suffering and future pain and suffering or, alternatively, to set aside those damages awards as inadequate and contrary to the weight of the evidence and for a new trial on the issue of those damages, is in favor of the plaintiff and against the defendants Metropolitan Transportation Authority, Long Island Bus Authority, and Kenold Mathurin in the principal sum of only $75,000 for past pain and suffering and $0 for future pain and suffering.
ORDERED that the judgment is modified, on the facts and in the exercise of discretion, by deleting the provision thereof awarding damages to the plaintiff for past pain and suffering; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, that branch of the plaintiff's motion which was to set aside the damages award for past pain and suffering as inadequate and contrary to the weight of the evidence and for a new trial on the issue of those damages is granted, the order dated October 12, 2016, is modified accordingly, and the matter is remitted to the Supreme Court, Nassau County, for a new trial on the issue of damages for past pain and suffering, and for the entry of an appropriate amended judgment thereafter, unless within 30 days after service of a copy of this decision and order upon the defendants Metropolitan Transportation Authority, Long Island Bus Authority, and Kenold Mathurin, those defendants serve and file in the office of the Clerk of the Supreme Court, Nassau [*2]County, a written stipulation consenting to increase the verdict as to damages for past pain and suffering from the principal sum of $75,000 to the principal sum of $200,000, and to the entry of an appropriate amended judgment accordingly; in the event those defendants so stipulate, then the judgment, as so increased and amended, is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff commenced this action to recover damages for personal injuries after allegedly suffering injuries, including injuries to her knee and the cervical portion of her spine, as the result of a motor vehicle accident that occurred on July 26, 2010.
After a trial on the issue of damages, the jury found that the plaintiff did not suffer a serious injury under the "significant limitation of use of a body function or system" or "permanent consequential limitation of use of a body organ or member" categories of Insurance Law § 5102(d) as a result of the subject accident. However, the jury found that the plaintiff sustained a serious injury under the 90/180-day category of Insurance Law § 5102(d). The jury, inter alia, awarded the plaintiff damages in the sum of $75,000 for past pain and suffering, and $0 for future pain and suffering.
After the jury issued its verdict, the plaintiff moved pursuant to CPLR 4404(a) to set aside so much of the verdict as found that the plaintiff did not suffer a serious injury under the "significant limitation of use of a body function or system" or "permanent consequential limitation of use of a body organ or member" categories of Insurance Law § 5102(d) as a result of the subject accident, and for judgment as a matter of law finding that she did suffer a serious injury under those categories or, in the alternative, for a new trial on those issues, and for additur with respect to the jury verdict awarding damages for past pain and suffering and future pain and suffering or, alternatively, to set aside those damages awards as inadequate and contrary to the weight of the evidence and for a new trial on the issue of those damages. In an order dated October 12, 2016, the Supreme Court denied the plaintiff's motion, and entered a judgment in favor of the plaintiff and against the defendants Metropolitan Transportation Authority, Long Island Bus Authority, and Kenold Mathurin in the principal sum of $75,000 for past pain and suffering and $0 for future pain and suffering. The plaintiff appeals.
The plaintiff is not aggrieved by the jury's factual determination that she did not sustain a serious injury within the "permanent consequential limitation of use of a body organ or member" or "significant limitation of use of a body function or system" categories of Insurance Law § 5102(d), or the denial of those branches of her motion which were for judgment as a matter of law or a new trial on those issues. "[A] jury's finding that the plaintiff sustained an injury within any of the categories set forth in Insurance Law § 5102(d) satisfies the no-fault threshold, thereby eliminating that issue from the case and permitting the plaintiff to recover any damages proximately caused by the accident" (Kelley v Balasco, 226 AD2d 880, 880; see Bonner v Hill, 302 AD2d 544). Here, the jury found that the plaintiff sustained a serious injury under the 90/180-day category of Insurance Law § 5102(d). Accordingly, she was not aggrieved by the jury's findings as to the other serious injury categories that were submitted to it (see CPLR 5511; Kelley v Balasco, 226 AD2d 880).
While the amount of damages to be awarded for personal injuries is a question for the jury, and "the jury's determination is entitled to great deference" (Coker v Bakkal Foods, Inc., 52 AD3d 765, 766; see Schray v Amerada Hess Corp., 297 AD2d 339), an award of damages may be set aside if it deviates materially from what would be reasonable compensation (see CPLR 5501[c]; Harvey v Mazal Am. Partners, 79 NY2d 218, 225; Davison v New York City Tr. Auth., 87 AD3d 608; Keaney v City of New York, 63 AD3d 794, 795). We find that the jury's award of damages for past pain and suffering deviated materially from what would be reasonable compensation, to the extent indicated, given the evidence of injuries that were causally related to or exacerbated by this accident, and the evidence that the plaintiff underwent arthroscopic surgery on her knee and two cervical spine discectomy and fusion surgeries for those injuries (see Hadjidemetriou v Juarez, 187 AD3d 1156, 1157-1158; Chung v Shaw, 175 AD3d 1237, 1239; Cicola v County of Suffolk, 120 AD3d 1379, 1381; Sanz v MTA-Long Is. Bus, 46 AD3d 867, 869).
However, the jury's award of no damages for future pain and suffering is not contrary to the weight of the evidence, as the evidence concerning the extent and permanency of the plaintiff's injuries did not so preponderate in her favor that the verdict awarding her no damages for future pain and suffering could not have been reached on any fair interpretation of the evidence (see Hadjidemetriou v Juarez, 187 AD3d at 1157-1158; Coleman v Karimov, 173 AD3d 669, 671).
DILLON, J.P., HINDS-RADIX, LASALLE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court