Mehmeti v Miller (2021 NY Slip Op 04219)





Mehmeti v Miller


2021 NY Slip Op 04219


Decided on July 7, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 7, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
REINALDO E. RIVERA
LEONARD B. AUSTIN
FRANCESCA E. CONNOLLY, JJ.


2018-13312
 (Index No. 150930/13)

[*1]Elmi Mehmeti, appellant, 
v
Joseph Miller, et al., respondents, et al., defendants.


Law Offices of Bryan J. Swerling, P.C. (Arnold E. DiJoseph III, New York, NY, of counsel), for appellant.
Scahill Law Group P.C., Bethpage, NY (Gerard Ferrara of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Richmond County (Kim Dollard, J.), entered October 2, 2018. The order denied the plaintiff's motion pursuant to CPLR 4404(a) for an additur to the award of damages or, in the alternative, to set aside the jury verdict on the issue of damages as contrary to the weight of the evidence and for a new trial on the issue of damages.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to recover damages for personal injuries he allegedly sustained to his head and left arm as a result of a motor vehicle accident. Following a jury trial on the issue of damages, the jury found that the plaintiff had suffered a permanent consequential limitation of use of a body function, organ, or member and awarded the plaintiff $50,000 for 4 years and 2 months of past pain and suffering, $58,900 for 38 years of future pain and suffering, $26,100 for past medical expenses, $165,000 for 38 years of future medical expenses, and $0 for future lost earnings.
The plaintiff moved pursuant to CPLR 4404(a) for an additur or, in the alternative, to set aside the verdict and for a new trial on the issue of damages, arguing that the damages verdict was contrary to the weight of the evidence and patently inconsistent with the jury's unanimous finding in favor of the plaintiff that he suffered a permanent consequential limitation of use of a body function, organ, or member. The Supreme Court denied the plaintiff's motion, determining that a valid line of reasoning and permissible inferences existed to support a conclusion that the plaintiff sustained only a fibrocartilage injury to his left wrist and an insignificant head injury within the meaning of Insurance Law § 5102(d). The court also determined that the damages award did not deviate materially from what would be reasonable compensation for the injury sustained. The plaintiff appeals.
"The amount of damages to be awarded to a plaintiff for personal injuries is a question for the jury, and its determination will not be disturbed unless the award deviates materially from what would be reasonable compensation" (Nayberg v Nassau County, 149 AD3d 761, 762 [internal quotation marks omitted]; see CPLR 5501[c]; Smith v City of New York, 179 AD3d 967, 968). "[T]he discretionary power to set aside a jury verdict and order a new trial must be exercised [*2]with considerable caution" (Larkin v Wagner, 170 AD3d 1145, 1147 [internal quotation marks omitted]).
"In considering the conflicting testimony of the parties' respective expert witnesses, the jury was not required to accept one expert's testimony over that of the other, but was entitled to accept or reject either expert's position in whole or in part" (Mejia v JMM Audubon, 1 AD3d 261, 262; see Crooms v Sauer Bros. Inc., 48 AD3d 380, 382). Here, based on the conflicting evidence presented at trial, the jury was entitled to discredit the testimony of the plaintiff and his physicians that he suffered a traumatic brain injury as a result of the accident. Thus, contrary to the plaintiff's contention, the jury's awards for past pain and suffering, future pain and suffering, past medical expenses, and future medical expenses based on the evidence presented did not deviate materially from what would be reasonable compensation (see CPLR 5501[c]; Smith v City of New York, 179 AD3d at 968; Diaz v Dadabo, 174 AD3d 787, 789). Moreover, the evidence demonstrated that the plaintiff returned to work only three days after the accident to his high stress security job, where his duties included monitoring and responding to fire alarms, active shooters, and terrorist and biological weapons attacks, as well as supervising nearly 90 employees, and he continued to work full time through the time of trial. As a result, the jury's determination to not award any damages for future lost wages is not contrary to the weight of the evidence since this evidence did not so preponderate in the plaintiff's favor that the verdict awarding him no damages for future lost wages could not have been reached on any fair interpretation of the evidence (see Lolik v Big V Supermarkets, 86 NY2d 744, 746; Hadjidemetriou v Juarez, 187 AD3d 1156, 1157-1158).
The plaintiff's remaining contentions are without merit.
Accordingly, the Supreme Court properly denied the plaintiff's motion pursuant to CPLR 4404(a) for an additur to the award of damages or, in the alternative, to set aside the jury verdict on the issue of damages as contrary to the weight of the evidence and for a new trial on the issue of damages.
LASALLE, P.J., RIVERA, AUSTIN and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court