Lara v Arevalo (2022 NY Slip Op 02988)

Lara v Arevalo

2022 NY Slip Op 02988

Decided on May 4, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 4, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
REINALDO E. RIVERA
PAUL WOOTEN
WILLIAM G. FORD, JJ.

2019-06196
 (Index No. 8994/15)

[*1]Nelly P. Lara, appellant, 
v
Marco Arevalo, et al., respondents.

The Law Firm of Davidoff & Associates, P.C. (Lawrence B. Goodman, New York, NY, of counsel), for appellant.
Kinney Lisovicz Reilly & Wolff PC (Molod Spitz & DeSantis, P.C., New York, NY [Mark S. Hanna], of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Robert I. Colaras, J.), entered April 22, 2019. The judgment, insofar as appealed from, upon, inter alia, a jury verdict on the issue of damages, and an order of the same court entered January 28, 2019, denying the plaintiff's motion pursuant to CPLR 4404(a) for an additur to the award of damages or, in the alternative, to set aside the verdict on the issue of damages as inadequate and contrary to the weight of the evidence and for a new trial on the issue of damages, is in favor of the plaintiff and against the defendants in the principal sum of only $10,000 for past pain and suffering, $40,000 for future pain and suffering, and $15,000 for future medical expenses.
ORDERED that the judgment is modified, on the facts and in the exercise of discretion, by deleting the provisions thereof awarding damages to the plaintiff for past pain and suffering and future pain and suffering; as so modified, the judgment is affirmed insofar as appealed from, with costs to the plaintiff, that branch of the plaintiff's motion which was to set aside, as inadequate, so much of the jury verdict as awarded the plaintiff damages for past pain and suffering and future pain and suffering is granted, the order is modified accordingly, and the matter is remitted to the Supreme Court, Queens County, for a new trial on the issue of those damages and for the entry of an appropriate amended judgment thereafter unless, within 30 days after service upon the defendants of a copy of this decision and order, the defendants serve and file in the Office of the Clerk of the Supreme Court, Queens County, a written stipulation consenting to increase the amount of damages for past pain and suffering from the principal sum of $10,000 to the principal sum of $50,000, and for future pain and suffering from the principal sum of $40,000 to the principal sum of $75,500, and the entry of an appropriate amended judgment accordingly; in the event that the defendants so stipulate, then the judgment, as so increased and amended, is affirmed, with costs to the plaintiff.
The plaintiff commenced this action to recover damages for personal injuries she allegedly sustained to her right shoulder, right knee, and neck as a result of a motor vehicle accident. Following a jury trial on the issue of damages, the jury found that the plaintiff had suffered a permanent consequential limitation of use of a body function, organ, or member, and awarded the [*2]plaintiff $10,000 for past pain and suffering, $40,000 for 14.8 years of future pain and suffering, and $15,000 for future medical expenses.
The plaintiff moved pursuant to CPLR 4404(a) for an additur or, in the alternative, to set aside the verdict and for a new trial on the issue of damages, arguing that the damages verdict was contrary to the weight of the evidence and inadequate, and materially deviated from what would be considered reasonable compensation. The Supreme Court denied the plaintiff's motion, determining that a valid line of reasoning and permissible inferences existed to support a conclusion that the plaintiff sustained only soft-tissue injuries that resolved with conservative treatment, and that the plaintiff's surgeries were unrelated to the accident. The court also determined that the damages award did not deviate materially from what would be reasonable compensation for the injuries sustained. The plaintiff appeals.
"A jury verdict should not be set aside as against the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence" (Zhagui v Gilbo, 63 AD3d 919, 919). "Where the verdict can be reconciled with a reasonable view of the evidence, the successful party is entitled to the presumption that the jury adopted that view" (Koopersmith v General Motors Corp., 63 AD2d 1013, 1014). "Whether a jury verdict should be set aside as contrary to the weight of the evidence does not involve a question of law, but rather requires a discretionary balancing of many factors" (Mitchell v Quincy Amusements, Inc., 168 AD3d 925, 926 [internal quotation marks omitted]). Here, the jury reasonably could have concluded that the plaintiff's rotator cuff tear and subsequent surgery, as well as the plaintiff's tear in her medial and lateral meniscus and subsequent surgery, were causally related to the accident, while the plaintiff's spinal surgery two years after the incident was not causally related and was due to degenerative changes in the plaintiff's spine.
"A jury's determination with respect to awards for past and future pain and suffering will not be set aside unless the award deviates materially from what would be reasonable compensation" (Coleman v Karimov, 173 AD3d 669, 671). "Although prior damage awards in cases involving similar injuries are not binding upon the courts, they guide and enlighten them with respect to determining whether a verdict in a given case constitutes reasonable compensation" (Miller v Weisel, 15 AD3d 458, 459). "Consideration also is given to other factors, such as the nature and extent of the injuries" (Arcos v Bar-Zvi, 185 AD3d 882, 883).
We agree with the plaintiff that the awards of $10,000 for past pain and suffering and $40,000 for 14.8 years of future pain and suffering deviate materially from what would be reasonable compensation to the extent indicated herein (see CPLR 5501[c]; Mehmeti v Miller, 196 AD3d 475; Hadjidemetriou v Juarez, 187 AD3d 1156; Coleman v Karimov, 173 AD3d 669). However, contrary to the plaintiff's contention, the jury's award of $15,000 for future medical expenses was not contrary to the weight of the evidence, nor did it deviate materially from what would be considered reasonable compensation. Here, conflicting evidence was presented at trial regarding the plaintiff's future medical needs related to the accident, and the jury's resolution of credibility issues is entitled to deference (see Martinez v Coca-Cola Refreshments USA, Inc., 187 AD3d 1170).
BARROS, J.P., RIVERA, WOOTEN and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court