Carter v City of New Rochelle (2022 NY Slip Op 05072)

Carter v City of New Rochelle

2022 NY Slip Op 05072

Decided on August 31, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 31, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
VALERIE BRATHWAITE NELSON
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.

2019-12520
2019-14686
 (Index No. 55298/13)

[*1]Edward Clinton Carter, appellant,
v
City of New Rochelle, et al., respondents.

William Schwitzer & Associates, P.C., New York, NY (Howard R. Cohen and D. Allen Zachary of counsel), for appellant.
O'Connor McGuinness Conte Doyle Oleson Watson & Loftus, LLP, White Plains, NY (Heather M. Haralambides of counsel), for respondents City of New Rochelle and Robert Boyko.
Scahill Law Group, P.C., Bethpage, NY (Gerard Ferrara of counsel), for respondents Louis Santiago and Catalino Ramos.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Westchester County (Gerald E. Loehr, J.), dated October 11, 2019, and (2) an order of the same court dated December 13, 2019. The order dated October 11, 2019, denied the plaintiff's motion pursuant to CPLR 4404(a) to set aside a jury verdict awarding him damages in the principal sums of only $5,000 for past pain and suffering, $10,000 for past medical expenses, $0 for future pain and suffering, and $0 for future medical expenses, as, inter alia, inadequate and contrary to the weight of the evidence, and for a new trial on the issue of damages. The order dated December 13, 2019, insofar as appealed from, upon reargument, adhered to the determination in the order dated October 11, 2019.
ORDERED that the order dated October 11, 2019, is reversed, on the facts, the plaintiff's motion pursuant to CPLR 4404(a) to set aside the jury verdict awarding him damages in the principal sums of only $5,000 for past pain and suffering, $10,000 for past medical expenses, $0 for future pain and suffering, and $0 for future medical expenses and for a new trial on the issue of damages is granted, the order dated December 13, 2019, is vacated, and the matter is remitted to the Supreme Court, Westchester County, for a new trial on the issue of damages and for the entry of an appropriate judgment thereafter, unless, within 30 days after service upon the defendants of a copy of this decision and order with notice of entry, the defendants serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to increase the damages awards for past pain and suffering from the principal sum of $5,000 to the principal sum of $80,000, past medical expenses from the principal sum of $10,000 to the principal sum of $40,000, future pain and suffering from the principal sum of $0 to the principal sum of $100,000, and future medical expenses from the principal sum of $0 to the principal sum of $100,000, and to the entry of a judgment accordingly; in the event that the defendants so stipulate, then the matter is remitted to the Supreme Court, Westchester County, for the entry of a judgment accordingly; and it is further,
ORDERED that the appeal from the order dated December 13, 2019, is dismissed as academic in light of the determination on the appeal from the order dated October 11, 2019; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
On July 3, 2012, a police vehicle owned by the defendant City of New Rochelle and driven by the defendant Robert Boyko, a police officer employed by the City, struck the rear of a vehicle owned by the defendant Catalina Ramos and driven by the defendant Louis Santiago. At the time of the accident, the plaintiff was a passenger in the front seat of the vehicle driven by Santiago. The plaintiff subsequently commenced this action against the defendants to recover damages for the personal injuries he allegedly sustained as a result of the accident. A jury trial was held, after which the jury rendered a verdict finding the defendants liable for the subject accident, and that the plaintiff had sustained a permanent consequential limitation of use of a body organ or member and a significant limitation of use of a body function or system as a result of the subject accident. The jury awarded the plaintiff the principal sums of $5,000 for past pain and suffering, $10,000 for past medical expenses, $0 for future pain and suffering, and $0 for future medical expenses. The plaintiff then moved pursuant to CPLR 4404(a) to set aside the jury's verdict on damages as, inter alia, inadequate and contrary to the weight of the evidence, and for a new trial on the issue of damages. The defendants opposed the motion. In an order dated October 11, 2019, the Supreme Court denied the plaintiff's motion. The plaintiff then moved for leave to reargue his motion. In an order dated December 13, 2019, the court granted the plaintiff leave to reargue, and upon reargument, adhered to its original determination in the October 11, 2019 order. The plaintiff appeals.
A jury verdict on the issue of damages may be set aside as contrary to the weight of the evidence only if the evidence on that issue so preponderated in favor of the movant that the jury could not have reached its determination on any fair interpretation of the evidence (see Lolik v Big V Supermarkets, 86 NY2d 744, 746; Chung v Shaw, 175 AD3d 1237, 1239; Williams v City of New York, 71 AD3d 1135, 1137). Further, while the amount of damages to be awarded for personal injuries is a question for the jury, and the jury's determination is entitled to great deference (see Chung v Shaw, 175 AD3d at 1239; Vainer v DiSalvo, 107 AD3d 697, 698), a jury award may be set aside if it deviates materially from what would be reasonable compensation (see CPLR 5501[c]; Harvey v Mazal Am. Partners, 79 NY2d 218, 225; Chung v Shaw, 175 AD3d at 1239).
Where, as here, "the jury . . . concludes that a plaintiff was injured as a result of an accident, the jury's failure to award damages for pain and suffering is contrary to a fair interpretation of the evidence and constitutes a material deviation from what would be reasonable compensation" (Zimnoch v Bridge View Palace, LLC, 69 AD3d 928, 929-930 [internal quotation marks omitted]; see Larkin v Wagner, 170 AD3d 1145, 1148; Ciatto v Lieberman, 1 AD3d 553, 557; Califano v Automotive Rentals, 293 AD2d 436, 437; see also Avissato v McDaniel, 168 AD3d 653, 654). Under the circumstances of this case, the jury's failure to award any damages for future pain and suffering and future medical expenses was not based upon a fair interpretation of the evidence, and was inadequate to the extent indicated (see Rojas v Brabant, 192 AD3d 934, 935; Chung v Shaw, 175 AD3d 1237; Cicola v County of Suffolk, 120 AD3d 1379; Sanz v MTA-Long Is. Bus, 46 AD3d 867).
Further, the jury's award for past pain and suffering and past medical expenses was inadequate to the extent indicated (see Lara v Arevalo, 205 AD3d 700; Chung v Shaw, 175 AD3d 1237; Coleman v Karimov, 173 AD3d 669; Rozmarin v Sookhoo, 172 AD3d 1415; Knight v Barsch, 154 AD3d 834; Eastman v Nash, 153 AD3d 1323).
In light of our determination, we do not reach the plaintiff's remaining contention.
DUFFY, J.P., BRATHWAITE NELSON, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court