Murray v County of Suffolk (2025 NY Slip Op 01225)

Murray v County of Suffolk

2025 NY Slip Op 01225

Decided on March 5, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 5, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2022-03707 
2022-06205
 (Index No. 15388/13)

[*1]Michael Murray, appellant, 
v
County of Suffolk, et al., respondents.

Carman Callahan & Ingham (Edelstein & Grossman, New York, NY [Jonathan I. Edelstein], of counsel), for appellant.
Christopher J. Clayton, County Attorney, Hauppauge, NY (Stephanie N. Hill of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Suffolk County (Martha L. Luft, J.), dated April 28, 2022, and (2) a judgment of the same court dated June 21, 2022. The order denied the plaintiff's motion pursuant to CPLR 4404(a) to set aside a jury verdict awarding him damages in the principal sums of only $24,167 for past pain and suffering, $32,000 for future pain and suffering, and $13,666 in lost earnings, inter alia, as inadequate and contrary to the weight of the evidence and for a new trial on the issue of damages. The judgment, upon, among other things, the jury verdict on the issue of damages, and upon the order, is in favor of the plaintiff and against the defendants in the principal sum of only $55,378.68.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is modified, on the facts and in the exercise of discretion, by deleting the provisions thereof awarding damages to the plaintiff for past pain and suffering and future pain and suffering; as so modified, the judgment is affirmed, those branches of the plaintiff's motion which were pursuant to CPLR 4404(a) to set aside the jury verdict awarding him damages in the principal sums of $24,167 for past pain and suffering and $32,000 for future pain and suffering as inadequate are granted, the order is modified accordingly, and the matter is remitted to the Supreme Court, Suffolk County, for a new trial on the issue of damages for past pain and suffering and future pain and suffering only and for the entry of an appropriate amended judgment thereafter, unless within 30 days after service upon the defendants of a copy of this decision and order with notice of entry, the defendants serve and file in the office of the Clerk of the Supreme Court, Suffolk County, a written stipulation consenting to increase the award of damages for past pain and suffering from the principal sum of $24,167 to the principal sum of $100,000 and the award of damages for future pain and suffering from the principal sum of $32,000 to the principal sum of $50,000, and to the entry of an appropriate amended judgment accordingly; in the event that the defendants so stipulate, then the judgment, as so increased and amended, is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review on the appeal from the judgment (see CPLR 5501[a][1]).
The plaintiff commenced this action to recover damages for personal injuries that he allegedly sustained when his vehicle was involved in a collision with the defendants' vehicle. After a jury trial on the issue of liability, the jury returned a verdict on the issue of liability finding that both the plaintiff and the defendants were negligent and apportioning 25% of fault to the plaintiff and 75% of fault to the defendants. At a jury trial on the issue of damages, the plaintiff presented evidence that he sustained comminuted intra-articular fractures of the third and fourth metacarpals of his dominant right hand. The plaintiff underwent open reduction and internal fixation surgery to repair both metacarpals, which included the placement of bone cement, plates, and screws. The plaintiff presented evidence, including expert medical testimony, that he experienced continued pain and limitations after a period of 10 years and more than 200 sessions of rehabilitative therapy. The plaintiff did not have full grip strength or range of motion. The plaintiff was unable to fully close his fist or do anything that required putting his hand completely flat, such as pushing a door open. The plaintiff's medical expert and the defendants' medical expert disagreed as to the probable long-term consequences, but both experts acknowledged the potential for the plaintiff to develop post-traumatic arthritis.
Following the trial on the issue of damages, the jury awarded damages to the plaintiff in the principal sums of $24,167 for past pain and suffering, $32,000 for future pain and suffering over 40 years, and $13,666 in lost earnings. The plaintiff moved pursuant to CPLR 4404(a) to set aside the verdict awarding him damages in the principal sums of only $24,167 for past pain and suffering, $32,000 for future pain and suffering, and $13,666 in lost earnings, inter alia, as inadequate and contrary to the weight of the evidence and for a new trial on the issue of damages. In an order dated April 28, 2022, the Supreme Court denied the motion. Thereafter, the court entered a judgment in favor of the plaintiff and against the defendants in the principal sum of $55,378.68. The plaintiff appeals from the order and the judgment.
"A jury verdict on the issue of damages may be set aside as contrary to the weight of the evidence only if the evidence on that issue so preponderated in favor of the movant that the jury could not have reached its determination on any fair interpretation of the evidence" (Carter v City of New Rochelle, 208 AD3d 843, 845; see CPLR 4404[a]; Cullen v Thumser, 178 AD3d 895, 896). "While the amount of damages to be awarded for personal injuries is a question for the jury, and the jury's determination is entitled to great deference, it may be set aside if the award deviates materially from what would be reasonable compensation" (Cullen v Thumser, 178 AD3d at 896 [internal quotation marks omitted]; see Lara v Arevalo, 205 AD3d 700, 702). "The reasonableness of compensation must be measured against relevant precedent of comparable cases" (Angeles v County of Suffolk, 222 AD3d 923, 925 [internal quotation marks omitted]; see Plazas v Sherlock, 228 AD3d 788, 791). "[C]onsideration should also be given to other factors, including the nature and extent of the injuries" (Cullen v Thumser, 178 AD3d at 897; see Lara v Arevalo, 205 AD3d at 703).
Under the circumstances of this case, the jury's awards of damages for past and future pain and suffering were inadequate to the extent indicated herein (see CPLR 5501[c]; Cullen v Thumser, 178 AD3d at 897; see also Hammer v 1111 Ave. K, Inc., 115 AD3d 803, 803; Conley v City of New York, 40 AD3d 1024, 1026). However, contrary to the plaintiff's contentions, the award of damages for lost earnings was supported by a fair interpretation of the evidence and reasonable (see Gore v Cardany, 167 AD3d 851, 852-853; Nayberg v Nassau County, 149 AD3d 761, 762).
DILLON, J.P., MILLER, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court