Rojas v 1700 First Ave., LLC (2025 NY Slip Op 06091)

Rojas v 1700 First Ave., LLC

2025 NY Slip Op 06091

Decided on November 5, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 5, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
HELEN VOUTSINAS
DONNA-MARIE E. GOLIA, JJ.

2021-04761
 (Index No. 712043/20)

[*1]Mauro Rojas, appellant, 
v
1700 First Avenue, LLC, et al., respondents (and third-party actions).

Ginarte Gallardo Gonzalez Winograd, LLP, New York, NY (Timothy Norton of counsel), for appellant.
Cascone & Kluepfel, LLP, Farmingdale, NY (Leonard Cascone of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Chereé A. Buggs, J.), entered June 16, 2021. The judgment, insofar as appealed from, upon a jury verdict on the issue of damages, and upon the denial of the plaintiff's oral application pursuant to CPLR 4404(a) to set aside the jury verdict on the issue of damages as inadequate and contrary to the weight of the evidence and for a new trial on the issue of damages, is in favor of the plaintiff and against the defendants in the principal sums of only $75,000 for past pain and suffering, $0 for future pain and suffering and $0 for future lost earnings.
ORDERED that the judgment is affirmed insofar as appealed from, with costs.
The plaintiff was performing work on a construction project when he was exposed to an electrical shock and allegedly suffered injuries, including to the cervical and lumbar regions of his spine. After a trial, the jury returned a verdict in favor of the plaintiff and against the defendants on the issue of liability. On the issue of damages, the jury found that the plaintiff was entitled to an award for past pain and suffering in the principal sum of $75,000, as well as awards for past medical expenses, past lost earnings, and future medical expenses over a period of two years. However, the jury concluded that the plaintiff was not entitled to damages for future pain and suffering and future lost earnings.
After the jury issued its verdict, the plaintiff made an oral application pursuant to CPLR 4404(a) to set aside the jury verdict on the issue of damages as inadequate and contrary to the weight of the evidence and for a new trial on the issue of damages. The Supreme Court denied the application. On June 16, 2021, the court entered a judgment, inter alia, in favor of the plaintiff and against the defendants in the principal sums of $75,000 for past pain and suffering, $0 for future pain and suffering and $0 for future lost earnings. The plaintiff appeals from those portions of the judgment.
"It is for the jury to make determinations as to credibility of witnesses, and great deference in this regard is accorded to the jury, which had the opportunity to see and hear the witnesses" (Guaman v One Whitehall, L.P., 210 AD3d 1060, 1062 [internal quotation marks [*2]omitted]). "A jury verdict on the issue of damages should not be set aside as contrary to the weight of the evidence unless the evidence so preponderated in favor of the movant that the jury could not have reached the verdict by any fair interpretation of the evidence" (id. at 1061; see Peterson v MTA, 155 AD3d 795, 798). Furthermore, a jury's determination of the amount of damages "will not be disturbed unless the award deviates materially from what would be considered reasonable compensation" (Mehmeti v Miller, 196 AD3d 475, 476 [internal quotation marks omitted]; see Kapassakis v Metropolitan Transp. Auth., 193 AD3d 835, 837-838).
Here, the evidence concerning the extent and permanency of the plaintiff's injuries, as well as his alleged inability to perform any work, did not so preponderate in his favor that the verdict awarding him no damages for future pain and suffering and future lost earnings could not have been reached by any fair interpretation of the evidence (see Kapassakis v Metropolitan Transp. Auth., 193 AD3d at 837-838; Hadjidemetriou v Juarez, 187 AD3d 1156, 1157). Similarly, in light of the evidence regarding the nature and extent of the plaintiff's injuries, which was conflicting in some respects even as presented by the plaintiff's own experts, the jury's award for past pain and suffering did not deviate materially from what would be reasonable compensation (see Mehmeti v Miller, 196 AD3d 475, 476; Diaz v Dadabo, 174 AD3d 787, 789).
The plaintiff's remaining contention is without merit.
Accordingly, we affirm the judgment insofar as appealed from.
IANNACCI, J.P., MILLER, VOUTSINAS and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court