Hichak v Grand Plumbing, Inc.

2026 NY Slip Op 02829

May 6, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Nicole Hichak, respondent,

v

Grand Plumbing, Inc., et al., appellants.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 6, 2026

2024-02659, (Index No. 3750/19)

Valerie Brathwaite Nelson, J.P.

William G. Ford

Deborah A. Dowling

Elena Goldberg Velazquez, JJ.

O'Connor Redd Orlando, LLP (Shaub, Ahmuty, Citrin & Spratt, LLP, Lake Success, NY [Christopher Simone and Timothy M. Gallagher], of counsel), for appellants.

Finkelstein & Partners, LLP, Newburgh, NY (Andrew L. Spitz of counsel), for respondent.

[*1]

DECISION & ORDER

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Orange County (Sandra B. Sciortino, J.), dated February 28, 2024. The order granted those branches of the plaintiff's motion which were pursuant to CPLR 4404(a) to set aside, as contrary to the weight of the evidence, so much of a jury verdict as found that she did not sustain a serious injury under the "permanent consequential limitation of use of a body organ or member" category of Insurance Law § 5102(d) as a result of the subject accident, and to set aside, as contrary to the weight of the evidence and inadequate, so much of the jury verdict as awarded her damages in the principal sums of only $15,000 for past pain and suffering,

for past medical expenses, and

for future medical expenses, and for a new trial on those issues, and, sua sponte, set aside, as contrary to the weight of the evidence, so much of the jury verdict as found that the plaintiff did not sustain a serious injury under the "significant disfigurement" category of Insurance Law § 5102(d) as a result of the subject accident and directed a new trial on that issue.

ORDERED that on the Court's own motion, the notice of appeal from so much of the order as, sua sponte, set aside, as contrary to the weight of the evidence, so much of the jury verdict as found that the plaintiff did not sustain a serious injury under the "significant disfigurement" category of Insurance Law § 5102(d) as a result of the subject accident and directed a new trial on that issue is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,

ORDERED that the order is modified, on the law, (1) by deleting the provision thereof granting that branch of the plaintiff's motion which was pursuant to CPLR 4404(a) to set aside, as contrary to the weight of the evidence, so much of the jury verdict as found that she did not sustain a serious injury under the "permanent consequential limitation of use of a body organ or member" category of Insurance Law § 5102(d) as a result of the subject accident and for a new trial on that issue, and substituting therefor a provision denying that branch of the motion, and (2) by deleting the provision thereof, sua sponte, setting aside, as contrary to the weight of the evidence, so much of the jury verdict as found that the plaintiff did not sustain a serious injury under the "significant disfigurement" category of Insurance Law § 5102(d) as a result of the subject accident and directing a new trial on that issue; as so modified, the order is affirmed; and it is further,

ORDERED that one bill of costs is awarded to the plaintiff.

On December 17, 2018, a vehicle owed by the defendant Grand Plumbing, Inc., and operated by the defendant Jose Orellana-Lainez struck the rear of a vehicle operated by the plaintiff. The plaintiff commenced this action against the defendants to recover damages for personal injuries she allegedly sustained as a result of the accident. At a trial on the issue of damages, the plaintiff introduced evidence that the accident exacerbated a previously asymptomatic degenerative osteophyte disc condition to her cervical spine, and that the resulting symptoms necessitated a two-level discectomy and posterior decompression fusion and stabilization surgery, among other treatments. The jury returned a verdict finding that the plaintiff sustained a serious injury under the "significant limitation of use of a body function or system" category of Insurance Law § 5102(d) as a result of the accident, but not under the "permanent consequential limitation of use of a body organ or member" or "significant disfigurement" categories of Insurance Law § 5102(d). The jury awarded the plaintiff damages in the sums of $15,000 for past pain and suffering,

for future pain and suffering,

for past medical expenses, and

for future medical expenses.

The plaintiff moved, inter alia, pursuant to CPLR 4404(a) to set aside, as contrary to the weight of the evidence, so much of the jury verdict as found that she did not sustain a serious injury under the "permanent consequential limitation of use of a body organ or member" category of Insurance Law § 5102(d) as a result of the accident, and to set aside, as contrary to the weight of the evidence and inadequate, so much of the jury verdict as awarded her damages in the sums of only $15,000 for past pain and suffering,

for past medical expenses, and

for future medical expenses, and for a new trial on those issues. In an order dated February 28, 2024, the Supreme Court granted those branches of the plaintiff's motion. In addition, the court, sua sponte, set aside, as contrary to the weight of the evidence, so much of the jury verdict as found that the plaintiff did not sustain a serious injury under the "significant disfigurement" category of Insurance Law § 5102(d) as a result of the accident, and directed a new trial on that issue. The defendants appeal.

The Supreme Court erred in setting aside so much of the jury verdict as found that the plaintiff did not sustain a serious injury under either the "permanent consequential limitation of use of a body organ or member" or "significant disfigurement" categories of Insurance Law § 5102(d) as a result of the accident and in directing a new trial on those issues. "The various categories of 'serious injury' as defined by Insurance Law § 5102(d) are read in the disjunctive" (Damas v Valdes, 84 AD3d 87, 92). "'[A] jury's finding that the plaintiff sustained an injury within any of the categories set forth in Insurance Law § 5102(d) satisfies the no-fault threshold, thereby eliminating that issue from the case and permitting the plaintiff to recover any damages proximately caused by the accident'" (Kapassakis v Metropolitan Transp. Auth., 193 AD3d 835, 837, quoting Kelley v Balasco, 226 AD2d 880, 880; see Usoiani v Dumbo Moving & Stor., Inc., 241 AD3d 981). Here, the jury's verdict finding that the plaintiff sustained a serious injury under the "significant limitation of use of a body function or system" category of Insurance Law § 5102(d) as a result of the accident eliminated the issue of whether the plaintiff sustained a serious injury from the case, thereby entitling the plaintiff to recover for all injuries she incurred as a result of the accident (see Usoiani v Dumbo Moving & Stor., Inc., 241 AD3d 981; Kapassakis v Metropolitan Transp. Auth., 193 AD3d 835).

"A jury verdict on the issue of damages may be set aside as contrary to the weight of the evidence only if the evidence on that issue so preponderated in favor of the movant that the jury could not have reached its determination on any fair interpretation of the evidence" (Carter v City of New Rochelle, 208 AD3d 843, 845; see Lolik v Big V Supermarkets, 86 NY2d 744, 746; Hannays v Miskiewicz, 240 AD3d 582, 583). Further, while "[t]he amount of damages to be awarded for personal injuries is a question for the jury, and the jury's determination is entitled to great deference" (Usoiani v Dumbo Moving & Stor., Inc., 241 AD3d at 985), "a jury award may be set aside if it deviates materially from what would be reasonable compensation" (Carter v City of New Rochelle, 208 AD3d at 845).

Here, the jury's award of $15,000 for past pain and suffering,

for past medical expenses, and

for future medical expenses cannot be reconciled with its finding that the plaintiff [*2]sustained a serious injury under the "significant limitation of use of a body function or system" category of Insurance Law § 5102(d) as a result of the accident, and was inadequate (see Carter v City of New Rochelle, 208 AD3d at 845; Kapassakis v Metropolitan Transp. Auth., 193 AD3d 835; Robles v Polytemp, Inc., 127 AD3d 1052, 1055). Contrary to the defendants' contention, by finding that the plaintiff sustained a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident, the jury implicitly rejected the defendants' position that the injuries to the plaintiff's cervical spine were not causally related to or exacerbated by the accident (see Kapassakis v Metropolitan Transp. Auth., 193 AD3d 835; Hadjidemetriou v Juarez, 187 AD3d 1156).

The defendants' remaining contention need not be reached in light of our determination.

BRATHWAITE NELSON, J.P., FORD, DOWLING and GOLDBERG VELAZQUEZ, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court